Richard Landman, a Minor, by His Father and Next Friend, Leo Landman, Plaintiff-Appellant, v. M. Susan & Associates, Inc., a Corporation, and Navanole & Ruffulo, Defendants-Appellees.

Gen. No. 50,417.

First District, First Division.

October 4, 1965.

Block & Levy, Howard I. Lidov and Alvin R. Becker, of Chicago, for appellant.

Treacy & Garbutt, of Chicago (William P. Treacy, of counsel), for Navanole & Ruffulo, appellee; Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, of counsel), for M. Susan & Associates, appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff, a minor, seeks damages for an eye injury which resulted from sand thrown at him by a minor playmate while they were playing on a sand pile at a construction site. The trial court sustained motions to dismiss and entered judgment on the pleadings in favor of both defendants.

Plaintiff appeals on the theory that the complaint states a cause of action in that it alleges the defendants, both engaged in the building construction business, created and negligently maintained a hazardous condition dangerous to children of tender years, which proximately caused the personal injuries sustained by the plaintiff.

Initially, we agree with the plaintiff that as this cause was determined in the trial court on plaintiff's complaint and on defendants' motions to dismiss and for judgment on the pleadings, all of the well pleaded allegations of the complaint, together with all fair inferences to be drawn therefrom, are taken as true. A. A. Erickson Bros., Inc. v. Jenkins, 41 Ill App2d 180, 188, 190 NE2d 383 (1963).

In substance, the complaint alleges that defendants, in the course of erecting a building, caused a "large pile of sand or soil" to be placed on the premises; that on May 18, 1963, plaintiff, then age 12, was playing with other children on the pile when one of the children "threw sand or soil at the said Richard Landman, thereby seriously and permanently injuring him. . . ."

The negligent acts charged against defendants are that they: "(a) Failed to erect any fence or other warning of the danger around the large pile of sand or dirt. (b) Failed and neglected to maintain a watchman about said premises for the purpose of preventing children from playing upon or about it. (c) Caused said pile of sand or soil to be maintained at such height as to expose children of tender years to an unreasonable risk of harm. (d) Carelessly and negligently maintained, operated and controlled said premises."

Plaintiff argues that "the complaint being taken as admitted, both corporate defendants had actual knowledge that young children came upon the land and played upon the large pile of sand and soil, including throwing the same at one another. A jury of fair minded men could therefore reasonably find that the defendants should have foreseen that injury to the young children would occur unless adequate protective measures were adopted. This same jury could also reasonably find that the negligence of the defendants in allowing the children to continue throwing the debris at one another, after having actual knowledge of the same, to be the proximate cause of the loss of sight by the plaintiff." Plaintiff therefore concludes that the trial court erred in holding that the plaintiff's complaint failed to state a cause of action and in allowing defendants' motions to dismiss and for judgment on the pleadings.

The authorities cited by plaintiff, and which, we believe, provide the guidelines to be used here, are Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836 (1955); Stewart v. DuPlessis, 42 Ill App2d 192, 191 NE2d 622 (1963); Smith v. Springman Lumber Co., 41 Ill App2d 403, 191 NE2d 256 (1963); and Halloran v. Belt Ry. Co. of Chicago, 25 Ill App2d 114, 166 NE2d 98 (1960). In the Kahn case, the plaintiff was injured when a pile of lumber on which he had been playing

toppled over and boards of the pile fell on him. In that case, our Supreme Court said (p 622):

> "The test in the case at bar is whether the lumber company in the exercise of ordinary care could reasonably have anticipated the likelihood that children would climb onto the lumber and would be injured if it were not securely piled."

The court also stated (p 625):

> "The element of attraction is significant only in so far as it indicates that the trespass should be anticipated, the true basis of liability being the foreseeability of harm to the child."

In the Stewart case, which also involved a construction site, the plaintiff was hit in the face with a slaking lime "snowball," thrown by his playmates. In that case, this court said (p 197):

> "The question is whether leaving slaking lime on premises frequented by children created a condition hazardous to children. We believe this is a question of fact to be resolved by a jury."

In Smith v. Springman Lumber Co., a seven and one-half-year-old child climbed upon an unused, rusty oil tank and, while attempting to climb on an adjoining tree, slipped and fell to the ground. It was admitted that the defendant had knowledge that children played on the tank. There the court relied heavily on the Kahn case and stated (p 407):

> "Rather, the proper yardstick with which to measure this case against Kahn is whether or not the tank and tree *together*, because of defendant's knowledge of the children's playing upon them, created a 'dangerous agency' which was likely to cause injury to the children. As emphasized in

295

Kahn, the true basis of liability is 'the foreseeability of harm to the child.' Under Kahn, these 'were matters for the determination of the jury.'"

In the Halloran case, a sand pile adjoined a railroad embankment on which there were six sets of tracks. Children crossed the tracks to reach and play on the sand pile. Plaintiff had left the pile and was injured when he slipped and fell under a moving train. This court there said (p 120):

> "It is unnecessary for us to review the many sand pile cases cited by both sides, which more or less hold that sand per se is not dangerous. . . . Whether the sand pile was sufficiently attractive to entice children into playing upon it, whether its location would involve danger in reaching it, and whether Consumers should have anticipated the probability of injuries to children, either from the sand pile itself or in crossing the tracks to reach it, were matters for determination by the jury."

 From a review of these cases, we are not persuaded that the alleged facts in the instant complaint put the case at bar within the scope of these foregoing cases. . An essential element of liability is missing in the present case, since the injury was not the result of any hazard or danger inherent in the pile of sand, in its substance, or in its location. In the Kahn case, the injury was caused by lumber being insecurely piled. In the Smith case, the yardstick was "whether or not the tank and tree *together* . . . created a 'dangerous agency.'" In the Stewart case, there was a question of whether the slaking lime was "inherently dangerous," and in the Halloran case, there was a question of whether the sand pile was located in a "dangerous environment." None of these jury questions are present here.

296

■ A pile of sand, whether located on public beaches, in sand dunes, or at construction sites, is unquestionably attractive to children, and many parents encourage them to play on sand piles. But being an attractive agency alone is not sufficient to subject the owner to liability for injuries to children who play on a sand pile. There must be some other factor, either in its piling or its location, such as is likely to, or will probably result in injury to those attracted to it. (Mindeman v. Sanitary Dist., 317 Ill 529, 148 NE 304 (1925).) As said in the Kahn case (p 625):

> "The element of attraction is significant only in so far as it indicates that the trespass should be anticipated, the true basis of liability being the foreseeability of harm to the child."

We agree that it may be foreseeable that children playing with sand will throw it at each other. The same is true as to anything a child plays with that is throwable, but if the object thrown is not inherently dangerous, harm is not reasonably foreseeable. Moreover, we believe reasonable men would agree with defendants that "to hold that the sand pile in this case could be a source of liability would place an unreasonable burden not only upon private owners of land but also upon municipal corporations and the state as owners of public parks and beaches where children play and throw sand which does not differ from the sand in the case at bar. It is suggested that one of the social interests to be balanced against the risk of harm in this case is the public interest in maintaining beaches and sand boxes in which thousands of children play every day during the summer months without incurring serious injury."

■ We conclude that the instant complaint does not state a good cause of action as a matter of law, and as "the court may dismiss any complaint which

297

does not" (Deasey v. Chicago, 412 Ill 151, 154, 105 NE2d 727 (1952)), the judgment on the pleadings is affirmed.

Affirmed.

BURMAN, P. J. and KLUCZYNSKI, J., concur.