Melissa Krakowiak, a Minor, by Edward Krakowiak, Her Father and Next Friend, and Edward Krakowiak, Individually, Plaintiffs-Appellants, v. Wendell Sampson and Fred Wubs, Individually and d/b/a Sampson and Wubs Construction Company, Esta Lee Sampson and Shirley Ann Wubs, Defendants-Appellees.

Gen. No. 51,221.

First District, Second Division.

June 27, 1967.

Maurice A. Frank and Kaplan and Kaplan, of Chicago (Marshall Kaplan, of counsel), for appellants.

Lloyd Speer and Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellees.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment following an order of the Circuit Court of Cook County striking plaintiffs' complaint and dismissing their cause of action. Plaintiffs contend on this appeal that the trial court erred in dismissing the complaint because the complaint on its face stated a cause of action thus making the issue one for the consideration of the jury.

Suit was brought on behalf of Melissa Ann Krakowiak, a child, by her father and next friend, Edward Krakowiak and by Edward Krakowiak, individually. The complaint alleged that the defendants negligently maintained certain vacant real estate they possessed and controlled in that they caused truckloads of earth to be dumped on this land creating mounds of earth. The complaint also alleged that the defendants failed to remove these mounds of earth and various tree stumps and overhanging tree branches and that the mounds of earth and stumps and branches amounted to an attractive nuisance which caused the minor child, Melissa Krakowiak, to come on to the land, where she ran up and down the hills of earth and was seriously injured by an overhanging tree branch.

Defendants moved to strike the complaint and dismiss the action on the grounds that the facts pleaded do not establish an attractive nuisance and there is no duty to remove such things as overhanging tree branches or tree stumps. The motion was granted. The trial court afforded plaintiffs an opportunity to replead which plaintiffs failed to do. Plaintiffs stand on their complaint.

The essence of plaintiffs' complaint is that the defendants should have removed the overhanging tree branch and mounds of earth or should have posted a guard to prevent the use of the premises by children. Since Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836, the attractive nuisance theory has not existed in Illinois. In its place the courts have analyzed cases of injury to children in terms of whether the harm was foreseeable.

> "The element of attraction is significant only in so far as it indicates that the trespass should be anticipated, the true basis of liability being the foreseeability of harm to the child."

Kahn v. James Burton Co., supra, at page 625.

It is true that every person owes to all others a duty to exercise ordinary care to guard against injury which may naturally flow as a reasonably probable and foreseeable consequence of his actions, and a person in possession or control of premises frequented by small children has an obligation not to maintain conditions which are dangerous or hazardous to them in view of the surrounding circumstances. However, that does not make each person an insurer of their safety. The general rule is that liability must be based on some fault. The injury must be the natural and probable result of a negligent act or condition and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence.

73

In Landman v. M. Susan & Associates, Inc., 63 Ill App 2d 292, 211 NE2d 407, plaintiff, a minor, sought damages for an eye injury which resulted from sand thrown at him by a playmate while they were playing on a sandpile at a construction site. The trial court sustained motions to dismiss and entered judgment on the pleadings in favor of both defendants. In affirming the action of the trial court, the Appellate Court, First District, First Division, stated, at p 296:

> "An essential element of liability is missing in the present case, since the injury was not the result of any hazard or danger inherent in the pile of sand, in its substance, or in its location. In the Kahn case, the injury was caused by lumber being insecurely piled. In the Smith case, the yardstick was 'whether or not the tank and tree *together* . . . created a "dangerous agency." ' "

██ In the case at bar we have a young plaintiff who was injured when she ran into a tree branch while playing on defendants' property. The court in Landman v. M. Susan & Associates, Inc., supra, expressed concern over the holding of sand piles as a source of liability because they are so numerous. We feel the same can be said of overhanging tree branches. Moreover, we do not see how either the overhanging tree branches alone or with the mounds of earth could have been reasonably foreseen to be source of danger or harm to someone like the plaintiff, Melissa Krakowiak.

For the above reason we agree with the trial court's finding that the instant complaint failed to state a good cause of action as a matter of law.

The judgment is affirmed.

Judgment affirmed.

LYONS, P. J. and BURKE, J., concur.