**Gerald Eugene Geiger, Sr., Administrator of the Estate of Gerald Eugene Geiger, Jr., Deceased, Plaintiff-Appellant, v. William F. Fisher and Myrtle S. Fisher, Defendants-Appellees.**

**Gen. No. 67–78.**

Third District.

December 10, 1968.

Berry & O'Conor, and Wolslegel & Armstrong, of Ottawa, for appellant.

William Zwanzig, of Ottawa, for appellees.

CULBERTSON, J.

Gerald E. Geiger, Sr., as administrator of the estate of Gerald E. Geiger, Jr., deceased, here appeals from a judgment of the Circuit Court of LaSalle County which, on motion of defendants William F. and Myrtle S. Fisher, dismissed with prejudice a complaint seeking recovery for wrongful death. It is the contention of plaintiff that Count I of the complaint properly states a cause of action against defendants for ordinary negligence, and that Count II adequately states a cause of action based upon the so-called "attractive nuisance" doctrine.

The action had its genesis when plaintiff's decedent, a four-year-old boy, drowned in the Fox River at a point where the river adjoins the rear of a residence property owned by defendants in the city of Ottawa. At the time, the premises were leased to and occupied by plaintiff's brother, an uncle of the decedent. Count I of the complaint alleges, in substance, that the lessee's children and the decedent regularly played on the leased premises; that there was a steep drop-off down and into the Fox River at the rear of the premises; that no fence, barricade or other protective device had been erected across the rear of the premises, although the lessee had repeatedly requested defendants to do so; that the condi-

tion of the premises was patently dangerous and unsafe for children of tender years, including decedent; that the slightness of the cost of erecting a fence or barrier as compared to the risk to minor children playing on the premises imposed a duty on defendants to erect a fence; and that by virtue of defendants' failure to comply with such duty, plaintiff's decedent obtained access to the river bank, slipped and fell into the river and was drowned. Where appropriate, defendants' knowledge of the presence of children and of the conditions existing is also alleged.

Count II repeats much of the foregoing, and sets forth additional allegations to support a charge that the condition of the premises owned by defendants was such that an attractive nuisance existed.

As support for his position that Count I sufficiently alleges an ordinary negligence action, plaintiff places principal reliance on Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836. In that case an 11-year-old boy, a trespasser on the premises, was injured when a pile of lumber upon which he was playing toppled over, and suit was brought against a construction company erecting a house on the premises and a lumber company which had stacked the pile of lumber. The defendants were charged with negligence in permitting the pile of lumber to remain in an unsafe condition without adequate support; in failing to warn plaintiff of the danger of coming close to the pile; and in failing to take reasonable precautions to guard the premises in order to prevent children from coming into contact with the pile of lumber. Further, the defendants were charged with knowledge that the pile of lumber attracted children to the premises; and it was alleged that notwithstanding such knowledge, they failed to take reasonable precautionary measures designed to correct the allegedly dangerous condition of the premises. In holding that the question of the liability of de-

fendants under such circumstances had been properly submitted to the jury, the Supreme Court observed at page 625 of 5 Ill2d:

> "It is also established that infants, as a general rule, have no greater rights to go upon the land of others than adults, and that their minority of itself imposes no duty upon the occupier of land to expect them or prepare for their safety. (Burns v. City of Chicago, 338 Ill 89; McDermott v. Burke, 256 Ill 401.) It is recognized, however, that an exception exists where the owner or person in possession knows, or should know, that young children habitually frequent the vicinity of a defective structure or dangerous agency existing on the land, which is likely to cause injury to them because they, by reason of their immaturity, are incapable of appreciating the risk involved, and where the expense of inconvenience of remedying the condition is slight compared to the risk to the children. In such cases there is a duty upon the owner or other person in possession and control of the premises to exercise due care to remedy the condition or otherwise protect the children from injury resulting from it. (Wagner v. Kepler, 411 Ill 368.) The element of attraction is significant only in so far as it indicates that the trespass should be anticipated, the true basis of liability being the foreseeability of harm to the child."

Also relied upon by plaintiff is the recognized principle that where an owner leases property with actual or constructive notice of a dangerous condition on the leased premises, the owner, notwithstanding the lease, is liable to strangers to the same extent as if he were in control or possession of the property. Wagner v. Kepler, 411 Ill 368, 371–372, 104 NE2d 231, and cases there cited.

Plaintiff argues that all of the elements of the exception to the general rule set forth in Kahn are adequately pleaded in Count I, and urges that it was error for such count to be dismissed. But while there may be superficial similarities in the two cases, it is our opinion that Kahn cannot control in this case. Initially, it is to be observed that the "dangerous agency" alleged to have existed upon the premises of the defendants in this case is a steep river bank, wholly unchanged from its natural state. A great majority of jurisdictions recognize that embankments or natural waters such as lakes, streams and ponds are not in themselves dangerous agencies, (e. g., Villani v. Wilmington Housing Authority, 9 Terry 450, 106 A2d 211 (Del); Anderson v. Valley Feed Yards, Inc., 175 Neb 719, 123 NW2d 839, 843; Mellas v. Lowdermilk, 58 NM 363, 271 P2d 399; People v. Joseph, 11 Misc2d 219, 172 NYS2d 463, 472–73; McGuire v. Carey, 366 Pa 627, 79 A2d 236) a view which was apparently embraced in Mindeman v. Sanitary Dist. of Chicago, 317 Ill 529, at 533, 148 NE 304, when the court said: ". . . courts seem to be of one mind in holding that a canal, a pond, or other open body of water on private property, is not of itself an attractive nuisance, as that term is used in describing an instrumentality which will render the owner liable for injuries to a child attracted to and injured by it." (See also: Zorn v. Bellrose, 22 Ill App2d 331, 160 NE2d 685.) Again, this view was reasserted in Adams v. Brookwood Country Club, 16 Ill App2d 263, at 271–273, where the court concluded that Kahn was not intended to overrule earlier decisions of our Supreme Court holding that liability cannot be predicated upon injury or death occasioned by a body of water where, as here, it is an ordinary, natural watercourse unchanged by the abutting owner, and stated: "To require riparian owners along all the rivers and creeks flowing in and adjacent to Illinois to construct boy-proof fences or to

employ guards to protect children and restrain them from coming upon their lands adjacent to such streams would impose upon such owners no slight expense, but a most oppressive and unbearable burden."

The rationale of the foregoing decisions, we believe, requires us to hold that Count I has not alleged the existence of a "dangerous agency," as that phrase is contemplated in Kahn, and that defendants, by failing to erect a fence or barricade, violated no duty owed to plaintiff's decedent. It follows that the trial court was correct in dismissing Count I of the complaint.

What has been said disposes of all questions relating to the sufficiency of Count II of the complaint, wherein liability is sought to be predicated upon the "attractive nuisance" doctrine. As manifested in the Kahn, Zorn and Adams decisions heretofore cited, the only proper basis for liability in "attractive nuisance" cases dealing with injuries to children are the customary rules of ordinary negligence cases, and the element of attraction is significant only insofar as it bears upon the foreseeability of harm to children. Plaintiff having failed to state a cause of action against defendants predicated upon negligence, the additional language of Count II alluding to the existence of an "attractive nuisance" is of no moment.

The judgment of the circuit court of LaSalle County is affirmed.

Judgment affirmed.

ALLOY, P. J. and STOUDER, J., concur.