Daniel Bishop, a Minor, by His Father and Next Friend, Austin Bishop, Plaintiff-Appellant, v. Sears, Roebuck and Co., a Corporation, Defendant-Appellee.

Gen. No. 53,136.

First District.

February 3, 1969.

Harold H. Margules, of Chicago (Charles T. Booher, Jr., of counsel), for appellant.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (John F. McClure and Paul L. Leeds, of counsel), for appellee.

ALLOY, P. J.

A summary judgment in favor of Sears, Roebuck and Co. was entered in an action instituted by Daniel Bishop, a minor, by his father and next friend, Austin Bishop. The complaint against defendant alleged that the minor, aged 4½ years, sustained injuries when he fell from a "retaining wall" between defendant's parking lot and a sidewalk. The amended complaint alleged substantially as follows:

(1) that plaintiff was exercising due care;

(2) that defendant was under a duty to keep the retaining wall between the parking lot and the sidewalk of the store in a reasonably safe condition;

(3) "that said retaining wall between the sidewalk and the parking lot was so attractive, alluring and tempting to children of tender years as to amount to a strong inducement to children or an implied invitation to them to play with, and upon, and be around said retaining wall."

(4) "that said retaining wall was long prior to and then and there situated at a place where it would be readily seen and observed by a person or persons on the sidewalk or street."

(5) that the wall was constructed to support a fence although there was no fence on it;

(6) that the wall was situated where children were in the habit of playing and walking on said wall and the defendant knew or should have known this;

(7) that ordinary care on part of the defendant would require that the defendant maintain a watchman around the wall to prevent children from playing on the wall;

(8) that the plaintiff walked on said wall as a consequence of being attracted to such wall and that he fell off the wall and injured himself.

Defendant filed a motion for summary judgment together with an affidavit which contained excerpts from a discovery deposition of Mary Bishop, the mother of plaintiff, who was with him at the time of the accident. The mother's deposition showed that she was walking down the sidewalk with the plaintiff and another son, and that plaintiff hopped up on the ledge and she first observed him as he fell off the ledge or curb. She described the "wall" where plaintiff hopped on it and fell off as being "less than a foot high" and "11 or 12 inches wide." It was made of concrete.

██ On appeal in this case, the plaintiff-appellant contends that there were two issues of fact which required determination by a jury. The first, being the allegation of negligence of defendant in maintaining the wall and, secondly, whether the retaining wall constituted an attractive nuisance. In determining whether the action of the trial court in entering a summary judgment was proper we consider that all of the well-pleaded allegations of the complaint together with all other inferences to be drawn therefrom are taken as true (Landman v. M. Susan & Associates, Inc., 63 Ill App2d 292, 293, 211 NE 2d 407).

██ In analyzing the complaint filed in this cause it is clear that there are no factual allegations which would support a cause of action based upon negligence in merely maintaining the wall or the curb. There was no allegation that the wall was in any manner defective. Plaintiff's allegation that the wall was so constructed that a fence could be put on top of it and that no such fence was yet upon the wall, was not in itself enough to establish a factual allegation that defendant was negligent in failing to install a fence. There is nothing in the pleadings which indicates that the failure to install a fence, if a fence

were to be installed, had anything to do with the incident and injury which occurred. So far as the complaint is concerned it simply asserts that there was a wall or curb and that a fence could be put on top of it. The same allegation could be made about any curb or wall. It appears from the complaint that the curb or wall was designed to separate the parking lot of defendant from the public sidewalk. It was apparently designed to keep automobiles from rolling onto the paved sidewalk. We find nothing in the allegations relating to the curb itself upon the basis of which it could be asserted that defendant was negligent.

This leaves as the only possible theory under which the complaint could be sustained, the attractive nuisance theory. Plaintiff cites the case of Kahn v. James Burton Co., 5 Ill2d 614, at 625, 126 NE2d 836, where the court states:

> "It is recognized, however, that an exception exists where the owner or person in possession knows, or should know, that young children habitually frequent the vicinity of a defective structure or dangerous agency existing on the land, which is likely to cause injury to them because they, by reason of their immaturity, are incapable of appreciating the risk involved, and where the expense or inconvenience of remedying the condition is slight compared to the risk to the children. In such cases there is a duty upon the owner or other person in possession and control of the premises to exercise due care to remedy the condition or otherwise protect the children from injury resulting from it. (Wagner v. Kepler, 411 Ill 368.) The element of attraction is significant only in so far as it indicates that the trespass should be anticipated, the true basis of liability being the foreseeability of harm to the child. Whether the lumber pile was sufficiently attractive to entice children into climbing upon it, whether its condition would involve

336

danger from such activity, and whether the contractor should have anticipated the probability of the accident, were matters for determination by the jury. City of Pekin v. McMahon, 154 Ill 141."

In this case the court clearly pointed out that there must not only be an attraction to a child, but there must also be a hazardous condition on the property dangerous to children, which was reasonably foreseeable by the property owner. In the cause before us, while the small curb might have been an attraction to children, there was not a sufficient factual allegation in the complaint to establish that it was a hazardous condition foreseeable by defendant. A wall of less than a foot in height would not presumptively constitute a hazardous condition dangerous to children.

In Landman v. M. Susan & Associates, Inc., 63 Ill App2d 292, 211 NE2d 407, the child had suffered an eye injury when he was engaged in throwing sand with another child in a sandpile at a construction site. In dismissing the complaint in that case, the court stated (at page 296):

"An essential element of liability is missing in the present case, since the injury was not the result of any hazard or danger inherent in the pile of sand, in its substance, or in its location. In the Kahn case, the injury was caused by lumber being insecurely piled."

The court then continues (at page 297):

"A pile of sand, whether located on public beaches, in sand dunes, or at construction sites, is unquestionably attractive to children, and many parents encourage them to play on sand piles. But being an attractive agency alone is not sufficient to subject the owner to liability for injuries to children who play on a sand pile. There must be some other factor, either in its piling or its location, such as is likely to, or

337

will probably result in injury to those attracted to it."

Since the curb in the instant case served a very practical and, presumably, necessary purpose in keeping cars from rolling onto the sidewalk, and defendant could possibly have been held to be negligent in failing to install the curb, it is difficult to see how this curb alone could be classified as an attractive nuisance under the definition in the Kahn and Landman cases referred to. To require that someone be present to patrol the curb to see that children do not step or walk on the curb, it appears to us, would impose an onerous burden upon the landowner far beyond any reasonable requirement consistent with the facts.

In Krakowiak v. Sampson, 85 Ill App2d 71, 229 NE2d 578, a more dangerous condition than the sand pile was involved. The defendant in the Krakowiak case had piled up upon a lot large mounds of earth and children ran up and down on these mounds. Plaintiff was hurt when she ran over one of the piles and struck an overhanging tree branch. The complaint was dismissed by the trial court, and the Appellate Court, in affirming such dismissal, stated (at page 74):

> "Moreover, we do not see how either the overhanging tree branches alone or with the mounds of earth could have been reasonably foreseen to be source of danger or harm to someone like the plaintiff, Melissa Krakowiak."

■ By the same token, in the case before us, we do not believe that defendant could reasonably have foreseen that the installation of the curb or retaining wall in the instant case would be a source of danger or harm to someone like the plaintiff in this cause. A curb less than a foot high and twelve inches wide could hardly be classified as something hazardous or inherently dangerous to children. Whether we label this as the "attractive

nuisance" doctrine or simply determine whether a structure or condition attractive to children is such that harm from its installation or existence was reasonably foreseeable (as stated in the Krakowiak v. Sampson case, supra) the basis of liability must be some negligent act or omission to protect children against what must be considered as a reasonable or probable danger to immature children. If we were to invoke that doctrine on the basis of the simple existence of the curb in the case before us, then it is difficult to conceive of any condition which might not be, theoretically, within the scope of this doctrine. The doctrine was never determined to be this broad, as noted in the case of Kahn v. James Burton Co., supra, but was always predicated on the consideration of reasonable foreseeability of harm to children. Tested in the light of such rationale, the trial court was justified in dismissing the complaint in the instant case.

On the basis of the record before us, we must conclude that the trial court properly entered summary judgment in favor of defendant since there was no genuine issue of material fact to show that defendant was at fault. The judgment of the Circuit Court of Cook County will, therefore, be affirmed.

Affirmed.

STOUDER and CULBERTSON, JJ., concur.