DALE M. BOEHNE, a minor, by EARL F. BOEHNE, his father and next friend, Plaintiff-Appellant, v. ELGIN PACKING COMPANY, Defendant-Appellee.

(No. 71-68;

Second District—November 6, 1972.

154

T. MORAN, J., dissenting.

Frederick J. Steffan, of Elgin, for appellant.

Tyler & Peskind, of Aurora, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

A complaint was filed by the father and next friend of plaintiff, a four-year-old boy, alleging that defendant owned property located near plaintiff's residence; that present on this property was "a collection of debris, including large boulders and at least one piece of heavy timber;" that the condition of the premises involved a reasonably foreseeable risk of harm to children who defendant knew or should have known frequented the premises; that said condition of the premises was the proximate cause of an injury to plaintiff's hand. The complaint did not allege negligence on the part of the defendant or specify how the injury occurred. Defendant's answer admitted only the ownership of the land and plaintiff's age.

Defendant filed a motion for summary judgment alleging that there was no genuine issue as to the material facts, admitting that plaintiff was injured on defendant's premises and that the injury resulted when a tree limb struck plaintiff's hand as it rested on a boulder but that, as a matter of law, a tree limb is a natural object which is not inherently dangerous and consequently defendant is not liable for the resulting injuries. In support of the motion defendant attached copies of the depositions of plaintiff, his father and his brother.

The issue before us is whether it was proper, in this case, to grant a summary judgment for the defendant. Under the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, sec. 57 (3) ), a party is entitled to a summary judgment:

> "* * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law   *   *   *."

■■ There is no direct statement either in the complaint or the depositions as to how the injury occurred. The father of the minor in his answer to an interrogatory stated that the boy's hand was smashed between "rock and tree limb found on the premises." The father was not present at the time of the incident. The older brother of the plaintiff did not see the incident but in an answer to an interrogatory stated "the tree fell over and hit his hand." The following colloquy took place at the deposition of the minor plaintiff, this being some years after the incident:

"Q. Dale, do you remember the day you were injured? Do you remember much about it?

A. No.

Q. You don't remember where you were at the time?

A. No.

Q. You don't remember what you were doing?

A. Yes.

Q. What were you doing at the time?

A. Rubbing sandstone on the rock.

Q. This sandstone, was this just laying around in this area?

A. Yes."

The law with  regard to the liability of the land owner to trespassing children was first evolved in the United States in 1873 in the case of *Sioux City & Pacific R.R. Co. v. Stout*, 84 U.S. 745, 21 L.Ed. In a rather summary opinion the Supreme Court of the United States held the railroad liable where a child trespassed on a railroad turntable and was injured. Approximately two years later a similar situation occurred in Minnesota where a child again played upon a railroad turntable and was injured. (*Keffe v. Milwaukee & St. Paul R.R. Co.* (1875), 21 Minn. 207.) From these two cases evolved the rule which became known as the "turntable doctrine" and from the *Keffe* case the "attractive nuisance" doctrine was born. Following those two cases the various state courts have gone in all directions dealing with trespassing children, including children who are invitees or licensees. In *Kahn v. James Burton Co.* (1955), 5 Ill.2d 614, 126 N.E. 836, the Supreme Court of Illinois rejected the "attractive nuisance" or "turntable" nomenclature. Since that date the cases have turned on what precautions a land owner or occupier of land is required to take to prevent injury to a visitor with particular reference to children. In *Kahn* the court stated that generally the owner or one in possession of premises was under no duty to keep them in a safe condition for the promotion of safety to trespassers. The court, however, went on to say that an exception existed where the owner or one in possession

knew that young children frequented "the vicinity of a defective structure or dangerous agency existing on land" which was likely to cause injury to a trespassing child. The court observed that where the cost was slight it was the duty of the owner or person in possession to exercise due care to remedy the condition or otherwise protect children. In *Kahn* the court was dealing with a pile of lumber which was improperly stacked and fell upon a child. The court further observed that "the creator of certain conditions dangerous and hazardous to children must be held liable in such a situation." We do not feel that *Kahn* is controlling here. The objects which may be involved herein are natural objects and we do not feel that the doctrine of *Kahn* has been extended to cover such natural objects as boulders and tree branches, whether detached or on the tree.

In *Lance v. Barbara Senior* (1967), 36 Ill.2d 516, the Supreme Court refused to follow the *Kahn* case in the case of a child invitee who was a hemophiliac and injured playing with a needle. The court stated therein on page 518:

"After the event, hindsight makes every occurrence foreseeable, but whether the law imposes a duty does not depend upon foreseeability alone. The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant, must also be taken into account."

In *Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill.2d 74, after citing the *Kahn* case, the Supreme Court stated at page 78:

"* * * The injury must be the natural and probable result of a negligent act or condition and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence." * * *

In *Landman v. M. Susan and Associates Inc.* (1965), 63 Ill.App.2d 292, 211 N.E.2d 407, we find one of many Illinois cases involving the throwing of sand where a trespassing minor was injured. The court in that case again held that sand in itself was not *per se* dangerous.

■■ The law regarding injury to children who frequent premises owned by third parties was reiterated by the Supreme Court in *Donehue v. Duvall* (1968), 41 Ill.2d 377, 378-379, wherein it stated:

"One in possession or control of premises frequented by small children has an obligation not to maintain conditions which may be dangerous or hazardous to them. Because of their immaturity young children are often incapable of appreciating the risk involved, and where the owner or person in possession knows that young children habitually frequent the vicinity, he has a duty to exercise due care to remedy the condition or otherwise protect

them from injury resulting from it. [Citations omitted.] But he cannot be required to protect them against every possibility of injury."

The court went on to state that a landowner is not liable unless the injury could have been foreseen or reasonably anticipated and that there is no foreseeability of harm unless the objects which caused the injury are inherently dangerous.

██ We then turn to the case of *Krakowiak v. Sampson* (1967), 85 Ill.App.2d 71, 229 N.E.2d 578, which appears to this court to be most comparable to the instant case. In *Krakowiak* the defendants were sued for negligently maintaining vacant real estate upon which they had dumped truck loads of dirt creating mounds of earth and that they failed to remove these mounds of earth, various tree stumps and overhanging tree branches, thus creating an attractive nuisance. The minor plaintiff there was injured by striking an overhanging tree branch. The defendants moved to strike the complaint on the ground the facts pleaded did not establish an attractive nuisance and there was no duty to remove overhanging tree branches or tree stumps. The court held that overhanging tree branches alone or with mounds of earth could not have reasonably been foreseen to be a source of danger or harm to anyone.

We feel that the instant case is analogous to and somewhat factually identical to the *Krakowiak* case.

There being no genuine issue as to a material fact, we find that the defendant is entitled to a judgment as a matter of law, and we affirm the summary judgment of the lower court.

Judgment affirmed.

ABRAHAMSON, J., concurs.

Mr. JUSTICE THOMAS J. MORAN dissenting:

I believe the question posed by this case is not whether the limb was inherently dangerous, but whether the *position* of the limb, in its unnatural state, made it inherently dangerous.

In my view, the cases cited by the majority are distinguishable. In each, the injury was not caused solely by the natural objects but was contributed to by the positive acts of a person. In *Donehue* and *Landman* the dirt and sand were thrown by a child. In *Krakowiak,* the plaintiff herself ran up the mound of earth causing her collision with the tree. See also, *Reeves v. City of Springfield* (1972), 5 Ill.App.3d 880, 284 N.E.2d 373.

As stated in *Donehue,* at page 379:

"* * * An injury is not actionable which could not have been

158

foreseen or reasonably anticipated, *and* which would not have resulted *had not some new and independent cause intervened to produce it. Driscoll v. Rasmussen Corp.,* 35 Ill.2d 74." (Emphasis added.)

In the instant case no intervening act is claimed.

While ordinarily a tree branch five feet long and eight inches wide, *per se,* cannot be said to be inherently dangerous, a branch of that dimension left leaning against a tree could, to a reasonably prudent person, pose a foreseeable risk of danger to children playing near it. Under the facts of this case, it cannot be said as a matter of law that defendant is not liable. Whether the log in its position was inherently dangerous, was a material question to be determined by a jury.

I would reverse the summary judgment of the lower court and remand this cause for further hearing.