DENNIS BEECHY, by His Father and Next Friend WILLIAM BEECHY, Plaintiff-Appellant, *v.* THE VILLAGE OF OAK FOREST, Defendant-Appellee.

(No. 57874;

First District (2nd Division)—November 20, 1973.

John C. Ambrose and Philip J. Schmidt, both of Chicago, for appellant.

Clausen, Hirsh, Miller & Gorman, of Chicago (James T. Ferrini, William J. Sneckenberg, and John B. McCabe, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Dennis Beechy, a minor, brought suit by his father and next friend, William Beechy (hereinafter plaintiff), against both Dave DeVoss (hereinafter DeVoss) and the Village of Oak Forest (hereinafter Village) to recover for injuries incurred when a sled he was riding down an embankment collided with a swing set situated at the foot of that embankment. The trial court sustained defendant's motion to dismiss and granted plaintiff leave to file an amended complaint. Thereafter plaintiff moved to file an amended complaint which motion was denied, the court further providing in said order that as to the Village the cause be dismissed with prejudice and also finding there was no just reason for the delay of an appeal. Plaintiff now appeals the dismissal of the Village. However, the trial court granted the plaintiff leave to file a second amended complaint against defendant DeVoss.

Briefly stated, as alleged in the complaint, the facts giving rise to this cause of action are as follows: Plaintiff, a ten-year-old boy, at all times free from contributory negligence, rode his sled down an embankment[1] located on property owned by the Village and, as he reached the bottom of the embankment, and unable to stop the sled, struck a swing set located on property adjacent to the embankment, owned by defendant DeVoss; that the defendants knew or should have known there were

---

[1] There is no allegation in the complaint or amended complaint to indicate whether there was snow, ice or anything on the embankment or any of its characteristics, *e.g.*, height, degree of slope, etc.

many children living in the community and the embankment attracted the children to go sledding during the winter months. As a result of this collision, the plaintiff suffered severe contusions of the left kidney, and that said injuries were the direct and proximate result of defendants' negligent, willful, wanton, reckless and careless acts.

In the amended complaint plaintiff further alleged that Village maintained its property which contained an embankment of a steep inclination; that the embankment and swing set openly exposed to children of tender years constituted an attractive nuisance; that defendants knew, or should have known, such children are incapable of appreciating the risk; and, that the defendants had a duty to remedy such condition so as to protect such children.

Plaintiff contends he stated a good cause of action against the Village and, the trial judge's dismissal deprived plaintiff of his right to a jury trial. On the other hand, defendant claims the trial judge's dismissal was proper since plaintiff failed to plead facts necessary to state a cause of action.

■■ The determination of this issue depends solely upon the sufficiency of plaintiff's complaint, since a complaint can withstand a motion to dismiss only when it contains averments of fact sufficient to state a cause of action (*Jarvis v. Herrin City Park District* (1972), 6 Ill.App.3d 516, 524, 285 N.E.2d 564).

■■ As a general rule the owner, or one in possession, of premises is not obligated to keep them in a safe condition for the benefit of those who come upon the land without an invitation (*Briney v. Illinois Central R.R. Co.* (1948), 401 Ill. 181, 81 N.E.2d 866). However, our supreme court in *Kahn v. James Burton Co.* (1955), 5 Ill.2d 614, 625, 126 N.E.2d 836 carved out the following exception:

> "[W]here the owner or person in possession knows, or should know, that young children habitually frequent the vicinity of a defective structure or dangerous agency existing on the land, which is likely to cause injury to them because they, by reason of their immaturity, are incapable of appreciating the risk involved, and where the expense or inconvenience of remedying the condition is slight compared to the risk to the children."

When each of these four elements is present in a given case, the owner or person in possession has a duty "to exercise due care to remedy the condition or otherwise protect the children from injury resulting from it" (*Id.*). Since, in the case at bar, the plaintiff's action is founded on the exception set out in *Kahn,* it was incumbent upon him to allege facts in his complaint sufficient to establish all the elements essential to his cause of action.

Plaintiff alleges in the amended complaint that both defendants knew or should have known that there were many children living in the community; that the maintenance of the embankment by the Village and the maintenance of the swing set at the foot of the embankment

> "Constituted an attractive nuisance to such children in that Defendant knew, or should have known, that young children habitually frequented the vicinity of such a dangerous agency or condition existing on the land, which is likely to cause injury to them because they, by reason of their immaturity, are incapable of appreciating the risk this involved."

Plaintiff goes on to set out the circumstances of his accident and alleges that his injuries were the direct and proximate result of the defendants' negligent acts. On appeal, plaintiff maintains that his complaints contain all the elements essential to state a cause of action and contends that the trial court's dismissal of the cause of action as against the Village deprived plaintiff of the right to a jury trial.

■■ The trial court's ruling could have deprived plaintiff of the right to a jury trial only if the allegations in the complaints presented questions of fact for the jury's determination. Here the plaintiff's complaints presented no questions of fact and, in our opinion, as a matter of law, failed to state a cause of action.

While it cannot be disputed that a snow-covered incline (not so pleaded in the complaints in the case at bar) presents an irresistible attraction to most children with a sled on a crisp winter day, the attractive nature of the embankment, standing alone, does not give rise to liability for a child's injuries. The supreme court stated unequivocally in *Kahn* at page 625 that:

> "The element of attraction is significant only in so far as it indicates that the trespass should be anticipated, the true basis of liability being the foreseeability of harm to the child."

■ In *Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill.2d 74, 219 N.E.2d 483, the minor plaintiff was playing in a trash pile maintained by the defendant on its construction site. The pile contained cans of lacquer and, while the plaintiff and his friends were playing with burning sticks, plaintiff inadvertently splashed lacquer on his trousers. In some unexplained manner the trousers caught fire causing severe burns to plaintiff's leg. Concluding that the trial court should have either granted the defendant a directed verdict or entered a judgment notwithstanding the verdict, the supreme court reiterated the rule it had previously stated in *Kahn*:

> "[A] person in possession or control of premises frequented by small children has an obligation not to maintain conditions which

are dangerous or hazardous to them in view of the attendant circumstances. (See *Kahn v. James Burton Co.* 5 Ill.2d 614.) But he is not an insurer of their safety. The general rule is that liability must be based on some fault. The injury must be the natural and probable result of a negligent act or condition and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence." 35 Ill.2d at 78.

In arriving at this conclusion, the supreme court found that lacquer, alone, is not intrinsically dangerous, but becomes dangerous only when brought into contact with fire—an unusual or extraordinary use which one cannot reasonably be required to anticipate.

■■ Clearly an incline on a piece of land is not an inherently dangerous condition and plaintiff makes no allegation as to the height, angle, whether covered with snow, ice or any other characteristic that could lead the court to find that this particular incline is dangerous. Indeed, it is well established that land in its natural state or natural waters are not inherently dangerous agencies. (*Geiger v. Fisher* (1968), 104 Ill. App.2d 6, 10, 244 N.E.2d 848; *Adams v. Brookwood Country Club* (1958), 16 Ill.App.2d 263, 271-73, 148 N.E.2d 39; Restatement (Second) of Torts § 339, comment p.) Neither does the presence of a swing set on adjoining private property located at the foot of the incline make the incline any more dangerous than would a tree, fence, or home, or any other permanent structure that is ordinarily present on residential property. Plaintiff's mere allegations that the embankment is an attractive nuisance, that defendants knew children frequented the vicinity, and that he incurred injury upon defendants' property are not sufficient to state a cause of action under *Kahn* since such allegations afford no basis from which a trial court could conclude that injury to children present on the property was reasonably foreseeable to an ordinarily prudent person.

A situation similar to the one at bar was presented to this court in *Krakowiak v. Sampson* (1967), 85 Ill.App.2d 71, 229 N.E.2d 578. There the minor plaintiff sustained injury when she ran up and down mounds of earth located upon defendant's vacant lot and struck an overhanging tree branch. The trial court entered an order striking plaintiff's complaint and dismissing the cause of action. In affirming the judgment of the trial court, this court noted the general rule that liability must be based on fault and concluded:

> "[W]e do not see how either the overhanging tree branches alone or with the mounds of earth could have been reasonably foreseen to be source [*sic*] of danger or harm to someone like the plaintiff * * *." 85 Ill.App.2d at 74.

A further deficiency in the plaintiff's complaint consists in the failure to allege that the expense of remedying the conditions is slight compared to the risk to the children. *Kahn v. James Burton Co., supra,* at 625.

Having failed to allege facts sufficient to establish the elements essential to the cause of action, this court must conclude that the circuit court properly dismissed the action as against the Village of Oak Forest. *Donehue v. Duvall* (1968), 41 Ill.2d 377, 243 N.E.2d 222.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.