(No. 74-CC-0624)

JACK KRIESEL, Father and Next Friend of DONALD L. KRIESEL, a Minor, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1978.*

CHARLES KRAUT, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM J. KARAGANIS, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant in this cause is seeking to collect for injuries sustained while walking on the premises of the Illinois Vehicle Testing Facility at 5301 West Lexington Avenue in Chicago, Illinois. It is the contention of the Claimant that while walking on these premises, he stepped on a piece of broken glass which went through his shoe into the bottom of his foot resulting in the injury.

Claimant, age 17, on the evening in question went to the Secretary of State, Illinois Vehicle Testing Facility, for the purpose of taking a driver's test at about 6:00 p.m. with his driving instructor. Prior to the taking of the test, the instructor and Claimant walked to the testing course for the purpose of familiarizing Claimant with the course. In the driving area were man-made islands containing dirt and weeds. While walking across one of the islands, the injury occurred.

As a result of the injury, Claimant was required to get five sutures in the bottom of his foot, resulting in scarring. He paid $43.25 in medical bills, lost shoes which were valued at $14.00, and lost $23.00 in wages.

Respondent produced a supervisor of the testing area, Mr. W. Williams, who testified as to procedures used by the Secretary of State in cleaning the area. His testimony was to the effect that the State employed a

janitorial service for the purpose of maintaining the grounds of the facilities, including debris removal, who performed their work on a daily basis. Mr. Williams denied seeing any broken glass on the facility himself in November, 1973, and denied that any of his employees had reported such information to him.

This Court has held many times that the State is not an insurer of the premises over which it has control and unless it has had actual notice or knowledge of the defect complained of, the State is not liable. The State does have the duty to maintain the premises owned or controlled by it in a reasonably safe condition for the purpose for which they are intended. The Claimant in this case has failed to prove that the State had knowledge or should have had knowledge of the condition causing the injury complained of.

Therefore, in line with 30 Ill.Ct.Cl. 410 and 417, this Court holds that Claimant failed to prove that the State either had notice of knowledge of the defect complained of and therefore the State is not responsible.

Award is hereby denied.