(No. 80-CC-2242—)

Roy Clark Crile, Sr., as father and next friend of Roy Clark Crile, Jr., a minor, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed January 23, 1984.*

Lee Phillip Forman, Ltd., for Claimant.

Neil F. Hartigan, Attorney General (Glen Larner, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises from personal injuries sustained by Roy Clark Crile, Jr., when he fell into an open manhole while playing near an expressway on property maintained by the State of Illinois.

The Claimant, Roy Clark Crile, Jr., was a minor aged fourteen years old on January 27, 1980. At that time, the Claimant intended to go sledding with his brother on a hill adjacent to the tollway right of way. The Claimant testified that he walked on a slant going north up a hill near the Dolton Avenue exit when he noticed a hole with a sign half way over it. The Claimant was curious and kneeled down and as he did he slipped into the hole which turned out to be a form of sewer.

As a result of this fall, the Claimant received a fractured right oscalcis. This injury was treated by closed reduction of the fracture using a Böhler clamp, application of a plaster cast and subsequent physical therapy.

Illinois authorities have held that a landowner is required to protect his premises frequented by small children against dangerous or hazardous conditions which might in a natural and probable sequence cause injury to a child. (*Beechy v. Village of Oak Forest* (1973), 16 Ill. App. 3d 240; *Driscoll v. Rasmussen* (1966), 35 Ill. 2d 74,

219 N.E.2d 483.) The State, therefore, has a duty to protect its premises against dangerous or hazardous conditions which may cause injury to children.

Illinois law has also consistently held that the State is not liable unless it has actual or constructive notice of the defect that caused the injury. *Kriesal v. State* (1978), 32 Ill. Ct. Cl. 101; *Sewell v. Board of Trustees of Southern Illinois University* (1979), 32 Ill. Ct. Cl. 430.

In the instant case, there is no evidence that the State had actual knowledge or notice of the fact that the manhole cover was missing. Furthermore, there can be no finding that the State had constructive notice as to the condition of this particular manhole.

Constructive notice is present where a defective condition exists for such a length of time that public authorities, by the exercise of reasonable care and diligence, might have known of the condition and had the opportunity to remedy the same. (*Palermo v. City of Chicago Heights* (1971), 2 Ill. App. 3d 1004.) The unreasonable length of time the defect existed is thus the crucial element in constructive notice. In the instant case, the record reflects that Claimant presented no evidence as to the length of time that the manhole cover was missing. Therefore, any conclusion regarding the same would be speculative. "The mere fact that a defective condition existed, if, in fact it did exist is not in and of itself sufficient to constitute an act of negligence on the part of the Respondent". *Palmer v. State* (1964), 25 Ill. Ct. Cl. 1.

For the foregoing reasons the claim of Roy Clark Crile, Sr., as father and next friend of Roy Clark Crile, Jr., a minor, is denied.