Frantiska Hermes, Individually and as Administratrix of the Estate of Anton Hermes, Deceased, et al., Respondents, *v.* Title Guarantee and Trust Company, Appellant.

Argued November 15, 1939; decided December 28, 1939.

*C. Elmer Spedick* and *Arthur L. Reuter* for appellant. Assuming the negligence of appellant, respondents suffered no damage thereby. (*Rothschild* v. *Title Guarantee & Trust Co.*, 204 N. Y. 458.)

*Arthur Morris* and *Morris O. Roshken* for respondents. The cause of action in negligence accrued at once, and was

not subject to be defeated by subsequent events. The damages are the amount with which plaintiffs parted for the spurious bond and mortgage. (*Fay* v. *McGuire*, 20 App. Div. 569; 162 N. Y. 644; *Gardner* v. *Wood*, 37 Misc. Rep. 93; *Lawall* v. *Groman*, 180 Penn. St. 532; *Ehmer* v. *Title Guarantee & Trust Co.*, 156 N. Y. 10; *Schade* v. *Gehner*, 133 Mo. 252; *Gate City Abstract Co.* v. *Post*, 55 Neb. 742; *Russell* v. *Polk Co. Abs. Co.*, 87 Iowa, 233; *Provident Loan Trust Co.* v. *Walcott*, 5 Kan. App. 473; *Lattin* v. *Gillette*, 95 Cal. 317; *Trimboli* v. *Kinkel*, 226 N. Y. 147; *Byrnes* v. *Palmer*, 18 App. Div. 1; 160 N. Y. 699; *National Sav. Bank* v. *Ward*, 100 U. S. 195; 25 L. Ed. 621; *Security Abstract of Title Co.* v. *Longacre*, 56 Neb. 469; *Renkert* v. *Title Guarantee & Trust Co.*, 102 Mo. App. 267; *Ninth Ave. & Forty-second St. Corp.* v. *Zimmerman*, 217 App. Div. 498.)

LEHMAN, J. In October, 1928, Anton Hermes, Frantiska Hermes and Antonia Stolba agreed to make a loan of $5,000 to be secured by mortgage upon a parcel of real property in the county of Queens. They retained the defendant Title Guarantee and Trust Company to search and insure the title to the real property. The search made by the title company disclosed that the record title stood in the name of August Robertson and Louisa Robertson, his wife, and the title company so certified. In fact, August Robertson was dead and, under his last will and testament, Louisa Robertson had become the sole owner of the premises. The will had not been probated and the title company did not know of its existence.

The closing took place at the office of the title company. The lenders, hereinafter referred to as the plaintiffs, appeared there with the $5,000 they had agreed to loan. Louisa Robertson, the owner of the property, did not appear, but her son, named like her deceased husband, August Robertson, and his wife, Johanna Robertson, appeared and signed a bond and mortgage in the names of August Robertson and Louisa Robertson, his wife, the record owners of the property as certified by the title company. The agent of the

title company, in charge of the closing of the title, took their acknowledgment to these instruments. The defendant urges that the name of Louisa was signed with innocent intent by authority of Louisa Robertson, the true owner, for the purpose of binding her. That is disputed, and we assume that it has been conclusively shown that the purpose of August Robertson and his wife, Johanna Robertson, was not innocent and that the bond and mortgage executed by them did not bind Louisa Robertson, the sole owner of the property, even though her name was signed to it.

Upon the faith of that bond and mortgage, the plaintiffs paid over the sum they had agreed to pay and the defendant title company insured the title to the premises, described in the mortgage. Interest was paid regularly on the mortgage until April, 1933, and in October, 1932, an extension agreement was executed and delivered which, again, was signed in the names of August and Louisa Robertson, the record owners, but this time the instrument was signed in fact by Louisa Robertson, the real owner, and, of course, was binding upon her. Even though, as we assume, the original mortgage was executed in the name of Louisa Robertson without her authority, the extension agreement constituted a complete ratification of the execution in her name of the original mortgage. There was default in payment of interest thereafter and then, for the first time, the plaintiffs discovered, and gave notice to the defendant title company that Louisa Robertson was the sole owner of the mortgaged property and that her name to the original mortgage was forged.

After receipt of such notice the defendant title company probated the will of August Robertson, deceased, thus establishing upon the record that Louisa Robertson was the sole owner, and obtained from Louisa Robertson a formal instrument ratifying and confirming the bond and mortgage as her act. When that had been done, the bond and mortgage, which the plaintiffs held, had legal effect as if they had been executed originally by Louisa Robertson and the plaintiffs were in exactly the same position as

if there had been no fraud. Indeed, Louisa Robertson offered to execute and deliver a deed to the property or to permit foreclosure of the mortgage without opposition.

The plaintiffs preferred to assert that fraud tainted the transaction from its inception and in an action against Louisa Robertson, August Robertson and Johanna Robertson obtained judgment rescinding the transaction and canceling the bond and mortgage on the ground of fraud. Then the plaintiffs brought this action against the title company. The complaints set forth two causes of action. The first cause of action is for damages caused by the alleged negligence of the defendant's agent in failing to discover the fraud which August Robertson, the younger, and his wife perpetrated, and in taking the acknowledgment to the bond and mortgage and there certifying that the agent knew the persons who executed these instruments. The second cause of action is for indemnity under the policy of insurance. The plaintiffs have recovered a judgment upon the first cause of action for the sum of $5,000, with interest. The second cause of action has been dismissed.

The title company urges, upon this appeal, that the plaintiffs have failed to show any negligence on the part of the agent of the company. We do not pass upon that question now for, even assuming that the plaintiffs have established negligence, it appears that they have suffered no damages. The defendant's negligence, it is said, contributed to a successful fraud upon the plaintiffs, but " pecuniary loss to the deceived party is absolutely essential to the maintenance of the action." ( *Urtz* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 170, 173.) Before the plaintiffs retained the defendant to search the title they had, according to the allegations of the complaint, agreed to lend the sum of $5,000 to the owners of the premises, described in the complaint, " and who were unknown to them " in consideration of the execution, acknowledgment and delivery to them of a good and sufficient bond and mortgage in the sum of $5,000. There is neither allegation nor proof that

the plaintiffs relied upon the responsibility of any particular owner. The loan was to be made solely in consideration of the receipt of a valid bond and mortgage executed by the owner or owners of the property, whoever he or they might be. Whether the owner of the premises was old or young, a widow or a husband and wife, was entirely immaterial in view of their agreement to lend to " unknown owners." Doubtless the agreement to loan was consummated in reliance upon the validity of the bond and mortgage which the plaintiffs received but, otherwise, the claim is without foundation that the loan was made in reliance upon the representation, express or implied, of August Robertson, the younger, and Johanna, his wife, that they were the persons named in that bond and mortgage as the owners of the property. By the exercise of care the defendant might have obtained for the plaintiffs a valid bond and mortgage executed by the real owner. The plaintiffs could not have asked or received more than that and any damages which they have suffered could arise only from receiving less than what they had a right to demand and expect to receive.

When they discovered the alleged fraud that had been perpetrated upon them they had in their possession muniments of title which insured to them exactly those rights for which they had stipulated in their agreement to loan and which they would have received if there had been no fraud. True, that may have been brought about only through the ratification or acceptance, by the true owner, of a false impersonation and, because of the taint of fraud in the original transaction, the plaintiffs have been accorded the right to rescind the entire transaction, disregarding the ratification of the fraud by the real owner. The equitable right to rescind the transaction tainted with fraud and to recover the consideration paid from those who participated in the fraud and received that consideration does not give the plaintiffs a right of action to recover the same amount as damages from this defendant, which was not a party to the fraud and did not share in the spoils of the fraud. Its only fault was a lack of care which enabled those guilty

of fraud to palm off upon the plaintiffs an instrument which did not convey the rights which it purported to convey until, through subsequent events, it acquired a force it did not originally possess. The damages for that lack of care are the loss which was caused to the plaintiffs by that fraud. "The basic principle underlying all rules for the measurement of damages for deceit is indemnity for the actual loss sustained as the direct result of the wrong." (*Ochs* v. *Woods*, 221 N. Y. 335, 340.)

The wrong was complete when the negligence of the defendant caused the plaintiffs to accept instruments tainted with fraud and it is said that the damages then became fixed. The cases cited by the plaintiffs lend no support to that contention. Though the wrong was complete, the loss which would follow from that wrong could not be foreseen with certainty. What the plaintiffs received was not entirely valueless. It had potential value if the owner of the property chose to recognize its validity, and, as we have pointed out, before the plaintiffs even discovered the defendant's wrong the owner of the property had conclusively waived any defect which she might have asserted had she chosen to do so. That put the plaintiffs in as good a position as they would have been if there had been no wrong by the defendant. At the time the wrong was committed it might have seemed very probable that the plaintiff would suffer loss of all or part of the money loaned upon the faith of an instrument tainted with fraud. By the time the fraud was discovered such loss was no longer probable or even possible unless the plaintiffs chose to assert such invalidity themselves. For their own purposes they did choose to assert that invalidity. They could not by such assertion impose liability upon the defendant for a loss which otherwise they would not have suffered.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts. (See 282 N. Y. 803.)

CRANE, Ch. J., HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgments reversed, etc.