GRACE M. INMAN, Respondent, *v.* MERCHANTS MUTUAL CASUALTY COMPANY et al., Appellants.

Third Department, November 10, 1948.

*Louis K. Thaler* for appellants.

*John Lo Pinto* for respondent.

HEFFERNAN, J. On April 26, 1947, Earl W. Inman was operating an automobile owned by him in Tompkins County, New York. The Inman car collided with a car owned by Richard Bradshaw and driven by the latter's brother, William, with the owner's consent.

As a result of the collision of the two vehicles Inman sustained fatal personal injuries and died intestate on that day. He left surviving his mother as his sole distributee.

Richard Bradshaw at the time of the collision was the owner of a policy of liability insurance issued to him by appellant insurance company assuring him against liability for any negligence, causing death or personal injuries or property damage in the operation of his car by himself or by any other person with his consent.

Appellant Johnson was an agent of and a claim adjuster for the coappellant at all times to which reference is made.

A few days after the fatality appellant Johnson called on respondent, spoke briefly to her about the accident and said that he would return at a later date. On August 15, 1947, Johnson had another interview with respondent at which time, in consideration of the payment to her of the sum of $400, he obtained from her a written release of any claim or cause of action which she had against the Bradshaw brothers by reason of her son's death.

Shortly thereafter respondent instituted this action against appellants on the theory that by means of false and fraudulent representations they procured from her a release of a valid cause of action which she had against the Bradshaws.

In addition to the matters to which we have referred the complaint alleges that respondent's son came to his death without fault on his part but solely because of the negligent operation of the Bradshaw car, and that by reason of such negligence a cause of action accrued in respondent's favor and against the

owner and driver of the Richard Bradshaw car, such action to be prosecuted in the name of a legal representative for respondent's benefit as sole distributee of decedent. It is also alleged that respondent's claim was payable by appellant insurance company under the terms of its policy of insurance issued to Bradshaw. It is then alleged that appellant insurance company through its agent and adjuster, appellant Johnson, obtained a release from respondent of her cause of action by means of false and fraudulent representations, which respondent believed and on which she relied, to the effect that her son was solely to blame for the accident, that if she sued she would not get anything and would have to pay costs and legal fees. It is alleged that appellant Johnson knew that respondent had employed a lawyer; that Johnson said he did not want a law suit and that the settlement which he proposed would be satisfactory to her lawyer, who was not present; that he, Johnson, wanted to be good to respondent and that he wanted to help her and that appellant insurance company usually paid something when a man is killed but only to help the family of the deceased. It is also alleged that these representations were false and were known by Johnson to be false when made and that respondent relied on such false representations and by reason thereof was deprived of her claim and cause of action for damages in the sum of $5,000 for the death of her son.

Appellants' answer in addition to a denial of the allegations of fraud sets forth four separate and complete defenses. The first defense alleges that the collision described in the complaint was caused by the negligence of decedent; the second alleges that respondent's claim has been released; the third asserts nonliability on the part of appellants and that any cause of action which respondent may have is against the Bradshaws; the final defense is that of nonjoinder of parties defendant because of respondent's failure to name the Bradshaws as defendants in this action.

Respondent applied to the court to strike from the answer the following allegations: (1) " and there has been no offer by the plaintiff to either of the defendants to return said consideration "; (2) " that the cause of action, if any, is against Richard Bradshaw and/or William Bradshaw "; (3) " That there is a nonjoinder of party or parties defendant ".

Appellants made a cross motion for a dismissal of the complaint.

The court below granted respondent's motion and denied appellant's cross motion and from that order they have come to this court.

On this appeal we are dealing solely with a question of pleading.

It seems to us that appellants have misapprehended the purpose of respondent's action. This is not an action by respondent to recover damages for the wrongful death of her son but one to obtain relief because of the fraud practiced upon her by appellants.

The issues raised by the pleadings are whether respondent had a valid claim against the Bradshaws, whether appellants by false and fraudulent representations deprived her of that claim and whether as a result of the fraud she has been damaged.

True it is, as urged by appellants on a trial of the cause respondent will be required to establish that she had a valid claim against the Bradshaws; that her son lost his life solely as a result of their negligence. A jury must first determine whether respondent had a right to recover and whether that recovery is more than that which she received. She must prove that she has been damaged by the fraud. She was not defrauded unless she lost something of value. Obviously unless her cause of action had more value than the amount which she received when she executed the release she was not defrauded. Fraud without damage or damage without fraud is not actionable; but, where both concur, an action lies. If a jury should find that respondent, by reason of the fraud, has been damaged in a sum in excess of what she received she would be entitled to recover the excess.

Appellants are mistaken in their assertion that respondent, as a condition precedent to the maintenance of the action, was required to return the consideration for the release. In *Goldsmith* v. *National Container Corp.* (287 N. Y. 438, 442) which was an action to recover damages alleged to have been suffered by reason of defendant's fraud, Judge Lewis, speaking for the Court of Appeals, and citing many cases, said: " It is settled law that where, as alleged by the present plaintiff, a person has parted with something of value as the result of a contract induced by fraud, he may pursue one of three remedies: ' He may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract. To maintain such action he must first restore, or offer to restore, to the other party whatever may have been received by him by virtue of the contract. * * * He may bring an action in equity to rescind the contract and in that action have full relief. * * * Such an action is not founded upon a rescission, but is maintained *for* a rescission, and it is sufficient therefore for the plaintiff to offer in his complaint to return

what he has received and make tender of it on the trial. Lastly, *he may retain what he has received and bring an action at law to recover the damages sustained.* This action proceeds upon an affirmance of the contract. * * * , ''

In the case before us respondent has elected the third alternative — to retain the consideration and sue for damages for the fraud.

In her complaint respondent has charged appellants with all the essential elements of actionable fraud. She has alleged the making, falsity and materiality of appellant Johnson's representation, his knowledge of its falsity, his intent that it should be acted on by her in the manner which he contemplated, her own ignorance of its falsity, her rightful reliance on its truth and her proximate damage. These allegations form a sufficient basis for the maintenance of this action (*Young* v. *New York State Electric & Gas Corp.*, 184 Misc. 1013, affd. 270 App. Div. 794; *Gould* v. *Cayuga County National Bank*, 86 N. Y. 75; *Urtz* v. *New York Central & Hudson River R. R. Co.*, 137 App. Div. 404; *Stephens* v. *Nolan*, 257 App. Div. 856, motion for leave to appeal denied 281 N. Y. 889).

The fraud of appellant Johnson is the liability of the coappellant (*Green* v. *des Garets*, 210 N. Y. 79).

There is no nonjoinder of parties here. Respondent's claim is against both appellants because of their own fraud.

The court below correctly disposed of the motions and the order appealed from should be affirmed, with $50 costs and disbursements.

Hill, P. J. (dissenting). The order appealed from denies defendants' motion to dismiss plaintiff's complaint, which asks for a judgment of $5,000 against the corporate defendant which, it is alleged, had issued a liability insurance policy insuring one Bradshaw, the owner of an automobile, against liability for negligence in the operation thereof. That the automobile was operated in a careless and negligent manner by Bradshaw's son, and as a result plaintiff's son was fatally injured. The action is brought against the insurance company, it being alleged that the defendant Johnson its agent and adjuster, paid plaintiff $400 and obtained her release upon representations which were false and fraudulent. The owner of the automobile is not a defendant, and no action has been commenced against him or his son, the operator.

To recover in this action for fraud, plaintiff must allege and prove false representation, scienter, deception and injury

(*Arthur* v. *Griswold*, 55 N. Y. 400). A financial loss by the plaintiff is a condition precedent to the maintenance of the action. Fraud will not sustain a recovery unless accompanied by damage or injury. (*Taylor* v. *Guest*, 58 N. Y. 262; *Ettlinger* v. *Weil*, 184 N. Y. 179; *Hermes* v. *Title Guarantee & Trust Co.*, 282 N. Y. 88, 92.) In *Stephens* v. *Nolan* (257 App. Div. 856, motion for leave to appeal denied, 281 N. Y. 889) the owner of the automobile was a party.

The disposition of this litigation requires a separate trial as to the claimed negligence of Bradshaw and a determination as to plaintiff's loss in advance of the trial for fraud. (*Whipple* v. *Brown Bros. Co.*, 225 N. Y. 237; *Boxberger* v. *N. Y., N. H. & H. R. R. Co.*, 237 N. Y. 75; *Langone* v. *Gaetjens, Berger & Wirth, Inc.*, 248 App. Div. 591; *Winokur* v. *Quaker City Bus Co., Inc.*, 255 App. Div. 273.) Until a judgment for damages on account of the negligence of Bradshaw has been obtained, no cause of action exists for fraud, as there is no proof of damage.

A trial of the negligence issue against the insurer will violate rules of evidence of long standing, as proof that a claimed negligent driver is insured has led to the reversal of many judgments. (*Simpson* v. *Foundation Co.*, 201 N. Y. 479, 490; *Di Tommaso* v. *Syracuse University*, 172 App. Div. 34, 36.) The Bradshaws should not be found guilty of tortuous conduct without being parties and represented upon the trial.

The order should be reversed on the law, upon the ground that necessary parties have not been made defendants.

BREWSTER and FOSTER, JJ., concur with HEFFERNAN, J.; HILL, P. J., dissents in a memorandum in which RUSSELL, J., concurs.

Order affirmed, with $50 costs and disbursements.