■ ROBERT E. BYRNES et al., Appellants, v. NATIONAL UNION INSURANCE Co., Respondent.— REYNOLDS, J. P. Appeal from an order of the Supreme Court, Albany County, dismissing appellant's complaint for legal insufficiency (CPLR 3211, subd. [a], par. 7) with leave to appellant to serve an amended complaint within 30 days after service upon them of a copy of the order. On September 2, 1966 appellants' infant son was killed by a horse owned by the respondent's insured and on June 8, 1967, a wrongful death action was commenced by the appellants. Thereafter appellants executed a release which was approved by the Surrogate's Court of Albany County. Subsequently, the appellants brought the instant action seeking to recover the sum of $50,000 for fraud and willful false representations by the respondent in the procurement of the release. From its opinion Special Term apparently viewed the complaint as defective due to its failure to allege a return or tender back of the consideration for the release and its failure to allege a cause of action for recission of the release. However, the appellants are not seeking to reinstate the underlying cause of action for wrongful death which would, of course, require the rescission of a valid release prior to bringing that cause of action (*Frehe* v. *Schildwachter,* 289 N. Y. 250; *Gilbert* v. *Rothschild,* 280 N. Y. 66), but rather are affirming the release and suing for damages for fraud in its procurement. This is a perfectly legitimate alternative available to the appellants (*Weintraub* v. *Weintraub,* 302 N. Y. 104; *Waters* v. *Collins,* 5 A D 2d 358; *Inman* v. *Merchants Mut. Cas. Co.,* 274 App. Div. 320) and there is no requirement that a cause of action for rescission *must* be joined with one for damages for fraud or that the consideration must be tendered back in order to maintain an action for fraud (*Goldsmith* v. *National Container Corp.,* 287 N. Y. 438, 442–443; CPLR 3004). Accordingly, since the complaint states a cause of action for fraud (see *Jo Ann Homes at Bellmore* v. *Dworetz,* 25 N Y 2d 112), the order appealed from must be reversed and the motion denied. Order reversed, on the law, and motion denied, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. P.