William T. TAYLOR, Plaintiff,

v.

FEDERAL KEMPER INSURANCE COM-
PANY, Wickhizer & Clutter, Inc., and
Tom Wickhizer, Defendants.

Civ. No. 81–5132.

United States District Court,
W. D. Arkansas,
Fayetteville Division.

Jan. 19, 1982.

William A. Storey, Storey & McCord, Fa-
yetteville, Ark., for plaintiff.

Sidney P. Davis, Jr., Davis, Cox &
Wright, Fayetteville, Ark., for defendant,
Federal Kemper Ins. Co.

Wayne Harris, Warner & Smith, Fort
Smith, Ark., for defendants, Wickhizer and
Clutter, Inc. and Tom Wickhizer.

## MEMORANDUM OPINION

WATERS, Chief Judge.

In this case, the Court is faced with the
question of whether an injured party, after
settling his claim against the claimed tort-
feasor by accepting a sum of money from
his insurance carrier and signing a release,
may maintain a cause of action against such

insurance carrier on the theory of fraud and deceit, claiming that the insurance carrier and its adjuster made certain representations to him which induced such settlement and the signing of such release. For the reasons set forth below, the Court concludes that, although it has serious doubt that such a cause of action can be maintained if the cause of action and damages sought are substantially the same as those which could be recovered in a suit against the alleged tortfeasor, it cannot decide that issue on the pleadings on a Rule 12(b)(6) motion to dismiss.

On October 13, 1981, plaintiff filed his complaint in this Court alleging that he is a citizen of Arkansas, that the individual defendant is a citizen of Missouri, and that the corporate defendants are corporations incorporated under the laws of states other than Arkansas, with their principal places of business outside Arkansas.

It is alleged that on November 30, 1979, the plaintiff was severely injured when the 1976 White Freightliner Tractor which he was driving collided with a vehicle operated by Troy Dennis Hamilton, who was insured by the defendant, Federal Kemper Insurance Company. The complaint alleges that the accident was the result of the negligence of Hamilton.

It is alleged that as a result of the accident the plaintiff sustained multiple injuries, including fractures of the ulna and radius of the left arm and that the muscles, tendons and nerves of the arm were cut and severed in many places, causing him to be required to undergo surgical operations and necessary skin grafts to the arm. It is claimed that the injuries are permanent and disabling and that they caused him to incur medical and hospital expenses in the past and will cause him to incur future medical and hospital expenses. He alleges that he endured pain and suffering and will be required to do so in the future, and has lost earnings in the past and will, because of the injuries, lose earnings in the future. He claims actual damages of $150,000.00.

It is alleged that soon after the accident plaintiff and his wife were approached by defendant, Tom Wickhizer, an adjuster, who was the agent and employee of Federal Kemper Insurance Company and of Wickhizer and Clutter, Inc. Plaintiff claims that defendant, Wickhizer, acting within the scope of his employment, responded to a direct question that the coverage limits were low and did not exceed $20,000.00, when, in fact, they were far in excess of that, and by reason of such misrepresentation, induced him to settle his claim for a total of $17,322.00, which amount was paid to him in return for a complete release signed by him and delivered to the defendant. Paragraph 7 of the complaint alleges, in part, as follows:

That because the release was procured through such fraud and misrepresentation, the Plaintiff should be allowed to avoid the release and recover for the actual damages listed above, as well as punitive damages, from each of the Defendants, jointly and severally.

It is alleged in paragraph 8:

That in the negotiation, preparation and signing of the release, both the Plaintiff and the Defendants relied upon the representations of the doctors that there was no permanent disability from the injuries received in the accident, and the Plaintiff would be fully recovered in six months. That, in fact, these representations were erroneous, and the Plaintiff is permanently disabled and continues to endure pain, suffering and lost earnings, as described above. That the Plaintiff should, therefore, be allowed to avoid the release on the basis of mutual mistake of fact and to recover from the insurer all damages actually resulting from injuries sustained in the accident.

Thus, as can be seen from the allegations of the complaint quoted above, it is difficult to determine on exactly what theory plaintiff seeks to recover. He seems to ask that the release be set aside, but in the prayer of the complaint he asks for a joint and several judgment against the defendants: "... on the basis of fraud, misrepresentation and/or mutual mistake, in the amount of $150,000.00 as compensatory damages and

the sum of $150,000.00 as punitive damages, for a total of $300,000.00, . . ."

Each of the defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that the complaint fails to state a claim upon which relief can be granted. The parties filed briefs, setting forth their contentions, and in the brief filed by the attorney for the plaintiff it is claimed that, although the complaint alleges that the release should be set aside, plaintiff's cause of action is, in fact, based upon the theory of tortious deceit.

The exact issue presented in this case appears to be one of first impression, not only in Arkansas, but also in this circuit, since excellent briefs presented by the attorneys for the parties have pointed to no cases directly on point, and the Court, through independent research, has found none.

■ The Court is convinced that the law in Arkansas, and most jurisdictions, is that, under normal circumstances, an injured party cannot bypass the tortfeasor (insured) and sue his insurance carrier absent a statute which authorizes such a direct action. As stated in an article in 8 Blashfield § 344.1, at page 390:

> In the absence of any statute or policy provision on which such a right may be predicated, a person injured by the negligent operation of an automobile whose owner is insured against all consequences of such negligence, has no cause of action directly against the insurance company, and hence, in the absence of any statutory enlargement of the rights of such a person, it must be made to appear either that he was privy to the contract of insurance, that the policy was taken out for his benefit within the meaning of the law, or that by its terms and provisions, it empowered him to sue the company directly. (Citing cases)

*See, also,* Couch on Insurance 2d § 45:764; *Greer v. Mid-West Natl. Fire and Cas. Ins. Co.,* 305 F.Supp. 353 (E.D.Ark.1969) *aff'd,* 434 F.2d 215 (8th Cir. 1970); and *Swan v. Estate of Monette,* 265 F.Supp. 362 (W.D.

Ark.1967), *aff'd,* 400 F.2d 274 (8th Cir. 1968).

Arkansas has no statute providing for a direct action by an injured party against the negligent party's insurance carrier except the provisions of Ark.Stat.Ann. § 66–4001. However, before that statute is applicable, the injured person must have recovered a judgment against the wrongdoer, and such judgment must have remained unsatisfied for more than thirty (30) days from the date of notice of such judgment.

■ Thus, the Court is convinced that in the event that the complaint filed in this matter on which the Court must decide this motion to dismiss alleges the same cause of action or substantially the same cause of action as plaintiff would have against the alleged tortfeasor, he may not bypass suit against such tortfeasor by calling his cause of action against the negligent party's insurance carrier one based on fraud and deceit. Instead, if his cause of action is substantially the same and if he seeks substantially the same damages, he must proceed to sue the alleged negligent party and seek to set aside the release if it is pled by the defendant, as was done in *Vickers v. Gifford-Hill and Co., Inc.,* 534 F.2d 1311 (8th Cir. 1976).

While the Court recognizes that since this jurisdiction is foreign to Arkansas it is not substantial precedent to be applied in this case, the Court believes that the reasoning utilized by the Court in *Shallenberger v. Motorists Mutual Ins. Co.,* 167 Ohio 494, 150 N.E.2d 295 (1958), is sound and applicable. In that case, when faced with an almost identical question, the Ohio court stated:

> If a release of a tort claim against a tort-feasor has been induced by fraudulent representations of someone acting on behalf of such tort-feasor, the releasor may have equitable relief to set aside the release and thereby be enabled to enforce that tort claim. . . . hence, there will ordinarily be an absence of the damage essential to existence in the plaintiff of any cause of action for deceit on account of such fraudulent representations.

The Court goes on to hold that where the injured party seeks recovery for deceit or fraud inducing the release of a tort claim, he must affirm the agreement not to sue for his personal injury. The Court reasoned that he cannot logically affirm an agreement not to sue for such personal injuries and yet recover something on account of those injuries. Instead, if he desires to collect for his injuries, he must set aside the release and sue for the injuries. *See, also, Davis v. Hargett*, 244 N.C. 157, 92 S.E.2d 782 (1956).

In the case at bar, how can plaintiff logically seek to recover the same damages, if he does, from the negligent party's insurance carrier as he would be able to recover from the negligent party while at the same time affirming the release which releases all parties from such damages? He can't have it both ways. In the Court's view, he cannot accept money and sign a release, affirm the release and keep the money, and then sue the insurance carrier seeking the same damages.

However, the Court has concluded that it cannot, with certainty, say that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In the recent case of *Robinson v. MFA Mutual Ins. Co.*, 629 F.2d 497 (8th Cir. 1980), the Court held, rather unequivocally, that a complaint cannot be dismissed on the filing of a Rule 12(b)(6) motion merely because plaintiff's allegations do not support the particular legal theory he advances. Instead, the Court held that the trial court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory. The Court then went on to interpret Arkansas law to allow a suit by an insured against his insurance carrier to proceed on the theory of tortious deceit.

■ In the case at bar, as has already been indicated above, the Court does not believe that this action should proceed if plaintiff seeks to recover on essentially the same cause of action and seeks essentially the same damages as he would be able to recover in a suit against the negligent party. However, the law clearly is that a motion to dismiss will not be granted by the trial court merely because the Court doubts plaintiff will prevail in the action. *Brown v. Brown*, 368 F.2d 992 (9th Cir. 1966); *MeloSonics Corp. v. Cropp*, 342 F.2d 856 (3rd Cir. 1965); *Due v. Tallahassee Theaters, Inc.*, 333 F.2d 630 (5th Cir. 1964); *Walker Distrib. Co. v. Lucky Lager Brewing Co.*, 323 F.2d 1 (9th Cir. 1963); *Thomason v. Hospital TV Rentals, Inc.*, 272 F.2d 263 (8th Cir. 1959); *Peterson Steels, Inc. v. Seidmon*, 188 F.2d 193 (7th Cir. 1951).

■ Thus, regardless of how the Court may feel about the probability of the eventual outcome of this case, it must not dismiss the case on the pleadings as they exist if it can examine the complaint and determine that the plaintiff may be able to obtain relief on any possible theory. In this case, the Court simply cannot say that he cannot do so. For example, the allegations of the complaint would allow him to show, if that proved to be the case, that at the time he signed the release, Troy Dennis Hamilton was a man of means, so a deficiency judgment against him would be collectable, but that since the signing of the release, he had become insolvent and is now judgment-proof. In that case, the cause of action would be different than the one that he would have against the negligent party, and in the Court's view, would be maintainable. Other examples could be imagined where the cause of action would be different, such as in the case of additional personal injuries suffered by the plaintiff because of the mental anguish caused by the actions of the insurance carrier and its adjuster. In short, while these examples may be far-fetched, they do serve to point out that there is no way that the Court can say, at this stage of the proceeding, with certainty, that the plaintiff cannot prove a set of facts under the allegations of the complaint which would entitle him to relief. For this reason, the motion to dismiss will be denied, and an order will be entered in compliance with this opinion.

It may very well be that discovery in the case will show that plaintiff's cause of action which he seeks to pursue is substantially the same as the one he would have against Troy Dennis Hamilton if the release is set aside. If that proves to be the case, defendants have other remedies that may be sought at the appropriate time, such as the remedy provided by Rule 56 of the Federal Rules of Civil Procedure. As the Court said in *Barber v. Motor Vessel "Blue Cat"*, 372 F.2d 626 (5th Cir. 1967), a motion for summary judgment provides a more expeditious and effective procedure for quickly terminating an action that does not appear to merit relief on its substantive merits. *See, also, Shull v. Pilot Life Ins. Co.*, 313 F.2d 445 (5th Cir. 1963).