(No. 60929.—

FREDERICK RICHARDSON *et al.*, Appellees, v. ECONOMY FIRE AND CASUALTY COMPANY, Appellant.

*Opinion filed September 20, 1985.—Rehearing denied December 2, 1985.*

42

Peter C. Fieweger and Donovan S. Robertson, of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island, for appellant.

Craig L. Kavensky and Harrison H. Kavensky, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellees.

JUSTICE RYAN delivered the opinion of the court:

Defendant, Economy Fire and Casualty Company (Economy), was permitted, pursuant to Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)), to take an interlocutory appeal from an order entered by the circuit court of Rock Island County denying its motion to dismiss plaintiffs' amended complaint. The appellate court affirmed (126 Ill. App. 3d 520), and we allowed Economy's petition for leave to appeal (94 Ill. 2d R. 315(a)). Four issues are presented for our review, the primary one being whether plaintiffs' amended complaint constitutes a direct action against an insurance carrier for personal injuries allegedly caused by the negligence of its insured.

On September 2, 1979, Frederick Richardson was injured in a motorcycle accident allegedly caused by the negligence of David Collier, Economy's insured. Shortly after Mr. Richardson's release from the hospital, an agent for Economy visited Mr. Richardson and his wife, Darlene, in their home to negotiate a settlement of any claims arising from the accident. The agent's efforts proved successful; in exchange for $1,500, the Richardsons signed a release in settlement of their claims against Collier.

On March 3, 1981, the Richardsons filed a one-count complaint against Economy. The complaint described in detail the various negligent acts by Collier which caused

the accident. The complaint further alleged that plaintiffs were induced to settle their claims against Collier by the false and fraudulent representations of Economy's agent. Economy filed a motion to dismiss, asserting, *inter alia,* that the complaint failed to state a cause of action for fraud. The trial court agreed, and on July 9, 1981, it dismissed the complaint but granted plaintiffs 14 days to file an amended complaint. At the time it entered its dismissal order, the court advised plaintiffs' counsel to file a personal injury action against Collier and that the action should be brought prior to September 2, 1981, the date of the running of the limitation period.

Plaintiffs neither filed an amended complaint within the 14 days allowed by the court, nor brought suit against Collier. Instead, on July 8, 1982, without obtaining leave of the court, plaintiffs filed a one-count amended complaint against Economy. The amended complaint, like the original, contained allegations of negligence on the part of Collier. Paragraphs 6 and 7 alleged:

"6. That as a direct and proximate result of the negligent acts or omissions on the part of the said David Collier, the Plaintiff Frederick Richardson suffered injuries to his body, neck, limbs and head; that he suffered pain and anguish in mind and body and will continue to so suffer in the future; that he was compelled to expend monies in endeavoring to be cured of his injuries, and will expend further such monies in the future; that he has been unable to perform and attend to his usual duties and affairs and will be unable to do so in the future, all to Plaintiff Frederick Richardson's damages in a sum in excess of Fifteen Thousand ($15,000.00) dollars plus costs of this suit.

7. That as a direct and proximate result of the negligent acts or omissions on the part of the said David Collier, Plaintiff Darlene Richardson was and will continue to be deprived of the comfort, support, care and society

of her husband, Frederick Richardons [*sic*], all to Plaintiff's Darlene Richardson's damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00) plus costs of suit."

The remaining paragraphs concerned plaintiffs' claim that they were fraudulently induced to settle their claims against Collier for $1,500. The complaint charged Economy's agent with making representations that were false, known to be false, and made with the intent to deceive plaintiffs. The complaint concluded with the following prayer for relief:

"1. For judgment in favor of Frederick Richardson as against defendant, Economy Fire and Casualty Company, in an amount in excess of Fifteen Thousand Dollars ($15,000.00) for his injuries set forth;

2. For judgment in favor of Darlene Richardson as against defendant, Economy Fire and Casualty Company, in an amount in excess of Fifteen Thousand Dollars ($15,000.00) for her relief as herein set forth;

*** "

Economy moved to dismiss the amended complaint. The trial court denied the motion but later amended its order by certifying the following four issues for interlocutory appeal pursuant to Rule 308(a): (1) whether the cause of action is barred because it was not timely filed within the 14 days allowed by the court; (2) whether the amended complaint should be dismissed because it constitutes an action for personal injury damages against an insurer in violation of the public policy of this State; (3) whether the cause of action is barred by the statute of limitations relating to personal injury actions; and (4) whether the amended complaint fails to state a cause of action for fraud by failing to allege false representation of existing facts. The appellate court, as we indicated earlier, allowed the appeal and affirmed the trial court's denial of Economy's motion to dismiss.

We first turn to the question of whether plaintiffs'

amended complaint should be dismissed because it was not timely filed within the 14 days allowed by the court. Economy argues the trial court abused its discretion in permitting plaintiffs to file their amended complaint some 350 days after the time set to file by the court in its order dismissing plaintiffs' original complaint. Plaintiffs, on the other hand, simply argue it was within the sound discretion of the trial court to permit the late filing and there is no evidence to suggest that the court abused its discretion. Whether the trial court abused its discretion under the circumstances presented here is a question we need not address. In the appellate court Economy's argument regarding the late filing was couched in jurisdictional terms. It asserted that the trial court's dismissal of plaintiffs' original complaint together with plaintiffs' failure to file their amended complaint within the 14 days allowed by the court constituted an election by plaintiffs to stand on their original complaint. Consequently, it argued, the court's order dismissing the original complaint was a final order and after the expiration of 30 days the court lacked jurisdiction to permit the filing of the amended complaint. The appellate court correctly rejected this argument. Noting that an order dismissing a complaint with leave to amend is not a final order, the appellate court properly found that the trial court retained jurisdiction to permit the filing of the amended complaint, even though the time limit set by the court had long since passed. (See, *e.g.*, *Martin v. Marks* (1980), 80 Ill. App. 3d 915, 918; *All Brake & Drive Unit Service, Inc. v. Peterson* (1979), 69 Ill. App. 3d 594, 598; *Gray v. Starkey* (1976), 41 Ill. App. 3d 555, 558-59; see generally Dahlen, *Dismissal of a Complaint or Counts Thereof: A Few Appellate and Jurisdictional Ramifications*, 69 Ill. B.J. 160 (1980).) Abandoning the jurisdictional argument urged in the appellate court, Economy claims in this court that the trial court abused

its discretion in allowing plaintiffs to file their amended complaint. The appellate court, however, specifically noted that "there is no argument [made] that the court, in permitting the amendment, abused its discretion." (126 Ill. App. 3d 520, 524.) Since an appellant who fails to prevail on one theory in the court below is not at liberty to argue a different theory on appeal (*Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 209; *Clore v. Fredman* (1974), 59 Ill. 2d 20, 28), we will not decide whether the trial court abused its discretion in allowing plaintiffs to file their amended complaint.

We next consider whether plaintiffs' amended complaint states a direct action against an insurance carrier for personal injury damages caused by the negligence of its insured. The appellate court, in construing the complaint, reasoned that the allegations regarding Collier's negligence merely provided pertinent background information to the fraud action against Economy which, the court said, was the gravamen of the complaint. Thus, the court concluded it was not an action to recover personal injury damages directly from an insurance carrier.

Plaintiffs do not dispute that the public policy of this State prohibits an injured party from recovering personal injury damages against an insurance carrier on account of the negligence of its insured prior to obtaining a judgment against the insured. (*Marchlik v. Coronet Insurance Co.* (1968), 40 Ill. 2d 327, 332-34; see also *Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 282.) They maintain, however, that they seek damages not for the injuries resulting from Collier's negligence but for the fraud committed by Economy in securing the release. It is important to note in this regard that plaintiffs have not sought to have the release rescinded, which traditionally has been the procedure utilized to avoid the effect of a fraudulently obtained release where, as here, the fraud complained of relates to the consider-

ation received in exchange for signing the release. (See, *e.g., Babcock v. Farwell* (1910), 245 Ill. 14, 40; *Papke v. G.H. Hammond Co.* (1901), 192 Ill. 631, 635.) Rather, plaintiffs' position is that we should recognize a new cause of action by allowing them to affirm the release and sue for damages resulting from the false and fraudulent representations which were made by Economy's agent during the settlement negotiations. In support they cite cases from Indiana, Michigan and New York which have allowed an injured party to affirm the release and maintain an action directly against the initial tortfeasor's insurance carrier for damages resulting from the false representations made by the insurer in obtaining the release. See *Automobile Underwriters, Inc. v. Rich* (1944), 222 Ind. 384, 53 N.E.2d 775; *Kordis v. Auto Owners Insurance Co.* (1945), 311 Mich. 247, 18 N.W.2d 811; *Byrnes v. National Union Insurance Co.* (1970), 34 A.D.2d 872, 310 N.Y.S.2d 781; *Inman v. Merchants Mutual Casualty Co.* (1948), 274 A.D. 320, 83 N.Y.S.2d 801. Accord, *Ware v. State Farm Mutual Automobile Insurance Co.* (1957), 181 Kan. 291, 311 P.2d 316; *Montoya v. Moore* (1967), 77 N.M. 326, 422 P.2d 363; *Brown v. Ocean Accident & Guarantee Corp., Ltd.* (1913), 153 Wis. 196, 140 N.W. 1112. Contra *Taylor v. Federal Kemper Insurance Co.* (W.D. Ark. 1982), 534 F. Supp. 196; *Mackley v. Allstate Insurance Co.* (Mo. Ct. App. 1978), 564 S.W.2d 634; *Shallenberger v. Motorists Mutual Insurance Co.* (1958), 167 Ohio 494, 150 N.E.2d 295; *Nocito v. Lanuitti* (1961), 402 Pa. 288, 167 A.2d 262 (by implication). See generally Annot., 58 A.L.R.2d 500 (1958).

Although the issue has apparently not been directly addressed in Michigan, the rule in Indiana and New York is that the measure of damages in such actions is not the value of the claim against the insured but the difference between what the releasor received and what he would

have received had the settlement of his claim been a fair one. (*Automobile Underwriters, Inc. v. Rich* (1944), 222 Ind. 384, 394, 53 N.E.2d 775, 779; *Urtz v. New York Central & Hudson River R.R. Co.* (1911), 202 N.Y. 170, 174-75, 95 N.E. 711, 713.) As the Supreme Court of Indiana explained, the proper procedure for determining damages is for the jury to calculate the "probable amount" the parties would have agreed upon absent the fraud, taking into account any factor which might have affected the value of the claim against the insured at the time the release was executed. The amount received by the releasor in exchange for signing the release is then deducted, and the balance constitutes the "true measure of the damage suffered" since "[t]he ultimate fact to be ascertained is the actual damage caused by the fraudulent representations and not the damage for the original injury." (*Automobile Underwriters, Inc. v. Rich* (1944), 222 Ind. 384, 395, 53 N.E.2d 775, 779.) Thus, in *Ahern v. General Accident, Fire & Life Assurance Corp., Ltd.* (1963), 19 A.D.2d 883, 244 N.Y.S.2d 347, the court precluded the plaintiff from maintaining an action against an insurance carrier where the plaintiff sought to recover damages based upon what he would have been able to recover in a suit against the original tortfeasor. See also *Davis v. Hargett* (1956), 244 N.C. 157, 92 S.E.2d 782 (plaintiff could not affirm the release and recover the difference between the value of his original claim and what he received in settlement).

In the present case, the only reasonable construction that can be given to plaintiffs' amended complaint is that it states a cause of action for personal injury damages allegedly caused by the negligence of Economy's insured. Plaintiffs do not seek to recover the difference between the $1,500 they received and what they would have received in a fair settlement of their claim against Collier. Instead, as revealed by the portions of the com-

plaint quoted earlier, Mr. Richardson claims damages in excess of $15,000 for the injuries he received in the accident with Collier, while Mrs. Richardson claims loss-of-consortium damages in excess of $15,000. Thus, it is clear plaintiffs seek to recover from Economy precisely the same damages they would have been able to recover had they originally brought a personal injury action against Collier. As the court remarked in *Taylor v. Federal Kemper Insurance Co.* (W.D. Ark. 1982), 534 F. Supp. 196, 198-99:

> "[I]n the event that the complaint filed in this matter on which the Court must decide this motion to dismiss alleges the same cause of action or substantially the same cause of action as plaintiff would have against the alleged tortfeasor, he may not bypass suit against such tortfeasor by calling his cause of action against the negligent party's insurance carrier one based on fraud and deceit. Instead, if his cause of action is substantially the same and if he seeks substantially the same damages, he must proceed to sue the alleged negligent party and seek to set aside the release if it is pled by the defendant * * *
>
> * * *
>
> * * * [H]ow can plaintiff logically seek to recover the same damages * * * from the negligent party's insurance carrier as he would be able to recover from the negligent party while at the same time affirming the release which releases all parties from such damages? * * *"

Further evidence that plaintiffs seek personal injury damages and not damages for the fraud allegedly committed by Economy can be found by considering plaintiffs' prayer for relief in light of section 2—604 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—604). Section 2—604 provides in pertinent part:

> "Every complaint * * * shall contain specific prayers for the relief to which the pleader deems himself or herself entitled except that in actions for injury to the person, no ad damnum may be pleaded except to the minimum ex-

tent necessary to comply with the circuit rules of assignment where the claim is filed." (Ill. Rev. Stat. 1981, ch. 110, par. 2—604.)

Plaintiffs here do not specifically plead damages for fraud. Rather, they have included in their complaint the standard *ad damnum* clause for personal injury actions as required by section 2—604.

In light of the foregoing, we conclude that plaintiffs' amended complaint states a cause of action for personal injury damages directly against an insurer. Inasmuch as such actions are prohibited by the public policy of this State, the trial court erred in denying Economy's motion to dismiss. Because we conclude that the pleading should have been dismissed on this ground, we need not address the remaining issues which were certified for appeal. Although we hold that plaintiffs' cause of action cannot be maintained on the basis of their amended complaint as it presently stands, we express no opinion on the question of whether an injured party who settles his claim against the tortfeasor by executing a release may thereafter affirm the release and maintain an action directly against the tortfeasor's insurer on the theory that the release was fraudulently obtained.

For the reasons stated, the judgments of the appellate and circuit courts are reversed.

*Judgments reversed.*