LUCILLE LEWIS, Plaintiff-Appellant, v. ROYAL GLOBE INSURANCE COMPANY *et al.*, Defendants-Appellees.

Second District   No. 2—87—0636

Opinion filed May 26, 1988.—Rehearing denied July 11, 1988.

Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan (Richard J. Smith, of counsel), for appellant.

Ridge & Lawler, of Waukegan (James S. Tukesbrey and Donald Ridge, of counsel), for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Lucille Lewis, appeals from a summary judgment entered in favor of defendant, Royal Globe Insurance Company, contending that (1) count I of her complaint for fraud against this defendant was not a direct action against an insurance company prohibited by public policy, (2) the trial court abused its discretion by denying plaintiff's motion to file an amended complaint, and (3) that defendant's motion for summary judgment should have been stricken as it was in the nature of a motion to dismiss combining sections 2—615 and 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—615, 2—1005), a practice which is disapproved by the reviewing courts.

In January 1977, plaintiff fell and sustained personal injuries in a store building owned and operated by defendant, the Salvation Army, whose insurer of the premises was defendant Royal Globe Insurance Company. In July 1984, plaintiff filed a complaint in which count I was directed against the insurer and count II against the store owner. In count I plaintiff alleged that Royal Globe was the insurer of the premises owned by the Salvation Army at the time plaintiff was injured therein. It further alleged that after her fall, plaintiff was directed to a doctor named by the Salvation Army for treatment and was advised that her medical expenses would be paid by the Salvation Army; that in May 1978, a representative agent and employee of defendant Royal Globe came to plaintiff and offered to settle her claim against the Salvation Army, stating that she should continue receiving treatments from the doctor to whom plaintiff had been referred, and that the insurance company would settle the case with her when it was completed; and that in September 1978, the insurance company representative told plaintiff there was no time limitation for her claim and it would be settled upon completion of the medical treatment of her injury. The complaint further alleged that despite further assurance on other occasions by the Salvation Army that plaintiff's medical bills would be paid by it and the insurance company, the bills were not paid, and that a hospital commenced an action against plaintiff for over $3,000 in medical debts to it and obtained a judgment against plaintiff. Count I also alleged that defendant Royal Globe subsequently refused to pay the medical bills, as the time for bringing plaintiff's claim had expired, and that as a proximate result of the failure of Royal Globe and the Salvation Army to pay the medical bills incurred, as represented by them, a judgment was assessed against plaintiff and she suffered severe emotional pain and suffering and expended sums of money in connection with that litigation. Plain-

tiff prayed for judgment against defendant Royal Globe Insurance Company for "actual and punitive damages in an amount in excess of $15,000 and costs of suit."

In count II of her complaint directed against the defendant, Salvation Army, plaintiff sought judgment "for a sum in excess of $15,000 plus costs of suit" for personal injuries sustained as a proximate result of this defendant's alleged negligent conduct in maintaining its store premises.

Defendant Royal Globe thereafter moved for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure as to count I of the complaint directed against it, alleging that under *Richardson v. Economy Fire & Casualty Co.* (1985), 109 Ill. 2d 41, 485 N.E.2d 327, a direct action may not be maintained against an insurer for the recovery of damages for personal injury, and that under *Scroggins v. Allstate Insurance Co.* (1979), 74 Ill. App. 3d 1027, 393 N.E.2d 718, an insurer has no duty to negotiate in good faith with third parties, such as plaintiff, and cannot be held liable to plaintiff for its failure to do so. Royal Globe sought summary judgment as a matter of law under count I of the complaint on the grounds that no duty was owed to plaintiff by this defendant and no recovery was possible. Plaintiff moved to strike Royal Globe's motion, asserting that it essentially attacked the pleading of count I and should therefore be brought pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615).

On January 16, 1987, the trial court granted a motion of defendant Salvation Army to sever for trial count II of the complaint directed against it. The court subsequently ordered that the trial of count II would be bifurcated with separate jurors to consider the statute of limitations affirmative defense interposed by that defendant and the merits of the negligence action, if thereafter reached.

On January 27, 1987, as to count I, the trial court denied plaintiff's motion to strike and granted Royal Globe's motion for summary judgment. The court also denied plaintiff's motion to file an amended count I against Royal Globe *instanter*, but directed that the tendered amendment be placed in the file of the case. Summary judgment was entered in favor of Royal Globe on count I of the complaint, and the court made findings that there was no just reason to delay enforcement or appeal, pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)).

On February 25, 1987, plaintiff moved for reconsideration and to vacate the summary judgment entered on January 27, and on May 26, 1987, it was denied by the trial court. Plaintiff filed her notice of ap-

peal from that judgment on June 22, 1987.

During oral argument in this court we were advised by counsel that while this appeal was pending the severed trial of count II between plaintiff and defendant Salvation Army was conducted in the trial court. In its answer to count II, that defendant had asserted the affirmative defense of the statute of limitations, to which plaintiff had pleaded estoppel premised upon the representations of that defendant's insurer, Royal Globe, that there were no time limitations within which plaintiff must commence an action to recover damages for her injuries. (See, *e.g.*, *Dickirson v. Pacific Mutual Life Insurance Co.* (1925), 319 Ill. 311, 318, 150 N.E. 256; *Zaayer v. Axel* (1981), 102 Ill. App. 3d 208, 210, 429 N.E.2d 607; *Arthur L. Larsen Co. v. Shefner* (1975), 27 Ill. App. 3d 562, 563, 327 N.E.2d 257.) That issue was resolved in favor of plaintiff, and the Salvation Army then settled plaintiff's personal injury damage claim against it.

■ We consider first Royal Globe's assertion that this court lacks jurisdiction to review the judgment from which the appeal is taken as plaintiff's notice of appeal was filed more than 30 days after the trial court made findings pursuant to Supreme Court Rule 304(a) that there was no just reason to delay enforcement or appeal. Royal Globe relies on *Elg v. Wittington* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232, in which the court held that the time within which a notice of appeal must be filed commences on the date of a Rule 304(a) finding, and is not tolled by the filing of a post-trial motion. However, on February 11, 1988, the supreme court modified its opinion in *Elg*, making it applicable only to cases in which the notice of appeal was filed, or due to be filed, on or after November 16, 1987, the date of its original opinion. Since this appeal was commenced prior to that date, and *Elg* is not to be retroactively applied, plaintiff's notice of appeal was timely in this case.

The primary issue presented by this appeal is whether under count I of her complaint, or under an appropriate amended complaint, plaintiff may recover damages proximately caused by the alleged fraudulent misrepresentations of defendant insurance company. Plaintiff contends that, in a properly pleaded and proved case, recovery may be had against an insurance company for fraud by its agents, citing *McCarter v. State Farm Mutual Automobile Insurance Co.* (1985), 130 Ill. App. 3d 97, 473 N.E.2d 1015, *Koehler v. Wolverine Insurance Co.* (1977), 49 Ill. App. 3d 1061, 364 N.E.2d 997, *Sommer v. United Savings Life Insurance Co.* (1984), 128 Ill. App. 3d 808, 471 N.E.2d 606, *Reagor v. Travelers Insurance Co.* (1980), 92 Ill. App. 3d 99, 415 N.E.2d 512, *Mel H. Binning, Inc. v. Safeco Insurance Co.* (1977), 74

Cal. App. 3d 615, 141 Cal. Rptr. 547, *Muraoka v. Budget Rent A Car, Inc.* (1984), 160 Cal. App. 3d 107, 206 Cal. Rptr. 476, and *Thompson v. Safeco Insurance Co.* (Fla. App. 1967), 199 So. 2d 113. Royal Globe responds in its brief, as it also urged the trial court in support of its motion for summary judgment, that it was entitled to judgment as a matter of law under the allegations of count I, citing *Richardson v. Economy Fire & Casualty Co.* (1985), 109 Ill. 2d 41, 485 N.E.2d 327, and *Scroggins v. Allstate Insurance Co.* (1979), 74 Ill. App. 3d 1027, 393 N.E.2d 718.

■ The consideration underlying these proceedings is the well-established public policy in Illinois that "prohibits an injured party from recovering personal injury damages against an insurance carrier on account of the negligence of its insured prior to obtaining a judgment against the insured." (*Richardson v. Economy Fire & Casualty Co.* (1985), 109 Ill. 2d 41, 47, 485 N.E.2d 327, 329; see also *Marchlik v. Coronet Insurance Co.* (1968), 40 Ill. 2d 327, 332-34, 239 N.E.2d 799.) In *Richardson*, the plaintiffs and Economy negotiated a settlement of plaintiffs' claims arising from injuries sustained as a result of an accident alleged to have been caused by Economy's insured. In exchange for $1,500, plaintiffs executed a release of their claims and thereafter brought an action against Economy in which they sought to recover damages against the insurance company, alleging that its agent had induced plaintiffs to settle their claims against the insured by false and fraudulent representations. Plaintiffs also alleged, however, that they suffered personal injuries and loss of consortium as a proximate result of the negligence of the insured, and sought to also recover for those damages against the insurance company. Our supreme court concluded that the only reasonable construction which could be given to the amended complaint was that it stated a cause of action against the insurance company for personal injury damages caused by the negligence of Economy's insured (*Richardson*, 109 Ill. 2d at 49), and thus was prohibited by public policy. As further evidence plaintiffs sought personal injury damages, rather than damages for fraud allegedly committed by Economy, the supreme court noted that plaintiffs' prayer for relief did not plead damages for fraud, but included the standard *ad damnum* clause for personal injury actions required by section 2—604 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—604). While determining that a cause of action for fraud could not be maintained as pleaded in that complaint, the court expressed no opinion whether, under the other facts alleged, an action could be brought against a tortfeasor's insurer on a fraud theory. *Richardson*, 109 Ill. 2d at 51.

In *Scroggins v. Allstate Insurance Co.* (1979), 74 Ill. App. 3d 1027, 393 N.E.2d 718, upon which Royal Globe also relies, the court rejected a proposed cause of action by an injured third party against an insurer for allegedly refusing to negotiate in good faith a settlement of a claim by plaintiffs against the insured. The court determined that the duty to negotiate in good faith a settlement within policy limits, if that is possible, is owed to the insured and not to third-party claimants. *Scroggins*, 74 Ill. App. 3d at 1031.

The cases earlier noted upon which plaintiff relies do stand for the general proposition that an insurance company may be subject to an action for fraud or misrepresentation in the proper circumstances, but do not address the factual situation presented in this case. Here, plaintiff seeks to plead a cause of action for fraud against the insurer of the party causing plaintiff's personal injuries for allegedly misrepresenting that there was no time limit for payment of plaintiff's claim. Defendant Royal Globe apparently convinced the trial court that by virtue of *Richardson* and *Scroggins* no action could be maintained for fraud or misrepresentation against the insurer in the context of a personal injury action. The trial court concluded that plaintiff could not then properly plead any duty owed to plaintiff by this defendant and that Royal Globe was entitled to summary judgment as a matter of law. In this posture of the case, neither plaintiff nor defendant has directly addressed whether count I of the complaint, or the tendered amended complaint which the trial court did not consider, properly stated the elements of common law fraud. See, *e.g.*, *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 286, 402 N.E.2d 599; *McCarter v. State Farm Mutual Automobile Insurance Co.* (1985), 130 Ill. App. 3d 97, 101, 473 N.E.2d 1015; *Sommer v. United Savings Life Insurance Co.* (1984), 128 Ill. App. 3d 808, 811, 471 N.E.2d 606; *Koehler v. Wolverine Insurance Co.* (1977), 49 Ill. App. 3d 1061, 1064-65, 364 N.E.2d 997.

As it seems apparent that an insurance company is subject to an action for common law fraud (Royal Globe agrees in its brief that an insurance company has no license to defraud third-party claimants), the issue to be addressed is whether Royal Globe may be subject to damages for fraud in the circumstances alleged in count I or is exempt in this case under the principles discussed in *Richardson* and *Scroggins*. We conclude that it is not so exempt.

The public policy enunciated again in *Richardson* is that an injured party may not recover personal injury damages against an insurance carrier on account of the negligence of its insured prior to obtaining a judgment against the insured. (*Richardson v. Economy Fire*

*& Casualty Co.* (1985), 109 Ill. 2d 41, 47, 485 N.E.2d 327.) In count I of her complaint plaintiff essentially alleged that an agent of Royal Globe represented to her that she should continue treatments for her personal injuries, that Royal Globe would settle the case with her when the treatments were concluded, and that there was no time limitation within which she must present her claim. Plaintiff further alleged that she continued her treatments for the injuries but when her claim was presented, Royal Globe refused payment, asserting the time for bringing the claim had expired. For damages, plaintiff apparently seeks recovery only for emotional pain and suffering as a result of a judgment entered against her for medical bills and for money expended relating to that litigation. The prayer for relief sought actual and punitive damages against Royal Globe "in excess of $15,000 and costs of suit."

We do not consider that by these allegations plaintiff seeks damages for the personal injury alleged to have been inflicted by the insured, Salvation Army, but rather the recovery for damages incurred as a result of Royal Globe's alleged fraudulent misrepresentations to her. These allegations are not like those in *Richardson*, where it was clear that plaintiffs sought recovery against the insurance company for the personal injuries alleged to have been inflicted by its insured. Although the prayer for relief in count I of this case is similar to that mentioned in *Richardson* as the standard clause used in personal injury actions, we note that in her tendered amended complaint, plaintiff prayed for "judgment for actual and punitive damages in a sum in excess of $200,000 plus costs of suit," which presumably reflects plaintiff's view of appropriate damages for the alleged fraud.

Nor do we consider that *Scroggins v. Allstate Insurance Co.* (1979), 74 Ill. App. 3d 1027, 393 N.E.2d 718, applies so as to bar an action for fraud in this case. There, plaintiffs sought to assert a cause of action against an insurance company for refusal to settle with them plaintiff's claim against its insured. Defendant's duty in *Scroggins* was only to its insured, in that context, while in the present case the rights of the insured were not similarly implicated.

We conclude that the public policy and other theories upon which Royal Globe relies in support of the summary judgment are without merit in this case and the judgment must be reversed. As neither the trial court nor the parties in their briefs have considered whether, as a pleading, count I states a cause of action for fraud, we do not do so.

Plaintiff contends next that the trial court abused its discretion by declining to permit the filing of an amended complaint after entering a summary judgment. It appears that the court considered that a

cause of action could not be alleged in these circumstances, a conclusion which we have set aside, and on remand will reconsider any further motions to amend which plaintiff may offer.

■ Plaintiff has also contended that the motion for summary judgment should have been stricken as it was in the nature of a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) We agree that would be the preferred method to test the sufficiency of plaintiff's complaint and would have more fully addressed the issues raised for resolution on this appeal. It has been held, however, that where it is considered that there is no showing of the existence of a duty on the part of a defendant to plaintiff as a matter of law, a summary judgment may be entered. *Keller v. Mols* (1984), 129 Ill. App. 3d 208, 210, 472 N.E.2d 161; *Boehne v. Elgin Packing Co.* (1972), 8 Ill. App. 3d 153, 154, 289 N.E.2d 283.

Accordingly, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

REINHARD and UNVERZAGT, JJ., concur.